See also, 138 F.Supp. 195.

**In the Matter of HUDSON & MANHATTAN RAILROAD COMPANY,**
**Debtor.**

United States District Court
S. D. New York.
May 25, 1959.

McGoldrick, Dannett, Horowitz & Golub, New York City (William W. Golub, Wilfred Feinberg and Bernard Buchholz, New York City, of counsel), for the Trustee of the Debtor

O'Donnell & Schwartz, New York City (Joel E. Mann, of counsel), Hardy, Peal, Barker & Rawlings, New York City (Robert J. Pape, New York City, of counsel), Joseph Moritz, Jersey City, N. J., Richter, Lord & Levy, Philadelphia, Pa. (Nathan Katz, New York City, of counsel), Louis R. Kagan, Jersey City, N. J. (Charles Burton, New York City, of counsel), Matthew A. O'Leary, New York City, in support of priority claims.

Proskauer, Rose, Goetz & Mendelsohn, New York City (Jacob Imberman, New York City, and Marvin Dicker, Brooklyn, N. Y., of counsel), Aranow, Brodsky, Bohlinger, Einhorn & Dann, New York City (Edward Ross Aranow and Alan Latman, New York City, of counsel), in opposition to priority claims.

DAWSON, District Judge.

This is an application by certain tort claimants for priority status in the administration of the estate of the Debtor.

The 91 claims consist of 81 which arose before the filing of the petition, including 28 employee claims and 53 non-employee or so-called public claims. The remaining 10 claims arose during the interim period, i. e., after the filing of the petition but before the appointment of a receiver. These interim claims include 5 employee claims and 5 public claims.

Due notice of a hearing was given and briefs were submitted by several parties. Argument was heard and the Court makes the following as its determination of this important issue.

The Debtor, a New York and New Jersey corporation, is in reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. In re Hudson & Manhattan Railroad Co., D.C.S.D.N.Y. 1954, 126 F.Supp. 359. Its business has two interrelated aspects: the ownership and operation of an interurban electric railway and the ownership and operation of two large office buildings and other real estate in downtown Manhattan in the City of New York. Herman T. Stichman was appointed Trustee of the Debtor by order of this Court dated December 14, 1954.

The Court has at this time approved a plan for reorganization of the Debtor and has made the requisite findings that such plan is fair, equitable and feasible. The administration of certain claims now pending against the Debtor is essential to a proper and orderly reorganization of this important commuter link in Metropolitan New York.

The basic issue which this Court must decide is whether or not in a Chapter X reorganization certain claimants are entitled to priority over security holders. This determination is of importance not only to the estate of the Debtor but to the individual tort claimants involved in this action.

█ It is well established that all tort claims against a Debtor which has gone into receivership, are to be denied priority if the claims ante-dated the receivership. St. Louis Trust Co. v. Riley, 8 Cir., 1895, 70 F. 32, 30 L.R.A. 456; Pennsylvania Steel Co. v. New York City Ry., 2 Cir., 1914, 216 F. 458; Veatch v. American Loan & Trust Co., 8 Cir., 1897, 79 F. 471, affirmed on rehearing, 8 Cir., 1897, 84 F. 274.

No good reason has been advanced why so-called public claims (which are claims of persons other than employees) should be treated as anything other than claims of general creditors in the course of this proceeding. With reference to the claims for personal injuries to employees, argument has been made that certain sections of the Bankruptcy Act indicate that such claims should be entitled to priority.

In 1933 Section 77 of the Bankruptcy Act dealing with railroad reorganizations was enacted. Section 77(s) of the 1933 Act was the predecessor of the present Section 77, sub. n. It provided, in part:

"In proceedings under this section, claims for personal injuries to employees of a railroad corporation * * * arising under State or Federal laws, shall be preferred

claims * * * " 11 U.S.C.A. § 205, sub. s.

This statutory language applied to reorganizations of railroads under § 77 and did not apply to federal equity receiverships, which still were available for railroad reorganizations. Even after the enactment of § 77, preference for claims for personal injuries continued to be denied in federal equity receiverships. Pitcairn v. Fisher, 8 Cir., 1935, 78 F.2d 649; Carpenter v. Wabash Ry. Co., 8 Cir., 1939, 103 F.2d 996, reversed 1940, 309 U.S. 23, 60 S.Ct. 416, 84 L.Ed. 558.

In 1939 § 77, sub. n of the Bankruptcy Act, which, as stated, granted a preference to tort claims of employees of a railroad in bankruptcy, was amended to include "equity receiverships of railroad corporations." The amendment did not include employees of a railroad in a Chapter X reorganization and the legislative history of the 1939 amendment to § 77, sub. n is interesting and significant. The report of the House Committee on the Judiciary on the 1939 amendment stated as follows [H. R. Rep. No. 1458, 76th Cong., 1st Sess. 1 (1939)]:

"The purpose * * * is to place injured employees who have claims against railroads in equity receiverships in the same position as persons of the same class who have claims against roads in trusteeship under section 77. Under the present law, the persons above designated, who have judgments against roads in receivership for injuries received prior to receivership, are classed as general creditors whereas judgments of such persons against roads in trusteeship are paid as operating expenses."

Also, in the Senate floor debate on the amendment, President (then Senator) Truman stated [84 Cong.Rec. 10677 (1939)]:

"This is an amendment of the Bankruptcy Act so as to put equity receiverships in exactly the same situation as reorganizations under Section 77."

It is thus apparent that the language of the amendment and its legislative history indicates that it was intended to apply to reorganization of railroads under § 77. Since railroads might either be in a § 77 proceeding or in an equity receivership, the amendment provided for the same priority in either type of reorganization. However, corporations in Chapter X proceedings were apparently not discussed in connection with the 1939 amendment.

The applicability of § 77, sub. n of the Bankruptcy Act is limited to claims for personal injuries to "employees of a railroad corporation." A railroad corporation is defined in the preceding section of the Act as "any common carrier by railroad engaged in the transportation of persons or property in interstate commerce, except a street, a suburban, or interurban electric railway which is not operated as a part of a general railroad system of transportation or which does not derive more than 50 per centum of its operating revenues from the transportation of freight in standard steam railroad freight equipment." 11 U.S.C. A. § 205, sub. m. Unless a person was employed by a railroad as defined in that section of the Act, he would not be entitled to priority under § 77, sub. n.

It has previously been determined in this proceeding that the Hudson & Manhattan Railroad Company is an interurban electric railroad; that it does not operate as part of a general railroad system; and that it does not derive more than 50% of its operating revenue from freight. In the Matter of Hudson & Manhattan Railroad Co., D.C.S.D.N.Y. 1954, 126 F.Supp. 359. This Court is bound by that decision. Under the circumstances the Debtor is not a railroad corporation within the meaning of § 77, sub. n of the Bankruptcy Act and the provisions for priority therein contained would not be applicable to the employees of the Debtor.

The application by the tort claimants for priority status in the administration of the estate of the Debtor is denied. So ordered.