Norine J. AUGUS, Admx., George Doherty, Raymond Nicholas, Adrian Parker, Hugh J. McKowne, Margaret M. McAuliffe, Admx., John Fedor, Maurice Dunlap, Joseph Coyle, Catherine Curristan, Admx., Joseph Muller, Robert J. Jerry and John J. Walsh, Appellants,

v.

Herman T. STICHMAN, Trustee of Hudson & Manhattan Railroad Company, Debtor, et al., Appellees.

No. 185, Docket 25959.

United States Court of Appeals
Second Circuit.

Argued Dec. 2, 1959.

Decided Jan. 7, 1960.

Joseph S. Lord, III, Philadelphia, Pa. (Richter, Lord & Levy, Philadelphia, Pa., Nathan Katz, Leo Gitlin, New York City, on the brief), for appellants.

Wilfred Feinberg, New York City (McGoldrick, Dannett, Horowitz & Golub, William W. Golub, Bernard Buchholz, New York City, on the brief), for trustee of debtor.

Jacob Imberman, New York City (Proskauer, Rose, Goetz & Mendelsohn, Marvin Dicker, New York City, on the brief), for Chemical Bank New York Trust Co., as successor trustee, under debtor's adjustment income bond indenture.

Before CLARK, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

Appellants, as employee tort claimants (or their representatives) under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., seek priority status for their claims (liquidated and unliquidated) from the debtor corporation. Their injuries were sustained prior to the appointment of the receiver pursuant to Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq.

Prior to 1933 the courts uniformly held that under equity receiverships such employee tort claimants were not equitably entitled to a preference over secured creditors. In 1933 and 1934 Congress added two sections to the Bankruptcy Act for the reorganization of financially distressed businesses; Section 77 for railroads as defined in subdivision m thereof, 11 U.S.C.A. § 205, sub. m, and Section 77B for others, 11 U.S.C.A. § 207. The debtor here does not come within the provisions of Section 77, sub. m—a fact already judicially established (In re Hudson & Manhattan Railroad Co., D.C.S.D.N.Y.1954, 126 F. Supp. 359). Section 77 sub. s (renumbered (n) in 1935) created a preference for employee tort claimants in Section 77 reorganizations. The Chandler Act of 1938 revised 77B as Chapter X; Section 77 was untouched. In 1939 subdivision 77, sub. n was amended to include preferences for railroad employees holding tort claims in equity receiverships but no such action was taken as to employees of railroads reorganizing under Chapter X.[1]

During this interim period the Eighth Circuit decided two cases in which they held that railroad employees derived no priority from Section 77 in an equity receivership (Carpenter v. Wabash Ry. Co., 8 Cir., 1939, 103 F.2d 996, reversed 1940, 309 U.S. 23, 60 S.Ct. 416, 84 L.Ed. 558; Pitcairn v. Fisher, 8 Cir., 1935, 78 F.2d 649). The former case was reversed on the basis of the 1939 amendment.

 Despite the fact that the problem of priority had been raised in court decisions prior to the 1939 amendment Congress did not extend claim priority to employees in the position of these claimants. It is not for the courts to create by judicial legislation preferences which Congress did not grant. True, the tracks of the debtor parallel those of other railroads and in many ways the operations are similar, but the debtor is not a Section 77 railroad. This status precludes preferential treatment of these claims. Judge Dawson carefully and accurately reviewed the statutes and cases (In re Hudson & Manhattan Railroad Company, D.C.S.D.N.Y.1959, 178 F.Supp. 103) and his conclusions therefrom are affirmed.

1. Chapter VIII, Section 77, Act of March 3, 1933, 47 Stat. 1474;
  Chapter VIII, Section 77B, Act of June 7, 1934, 48 Stat. 911;
  Chapter VIII, Section 77, sub. n as amended, Act of August 27, 1935, 49 Stat. 911;

Chapter X, Act of June 22, 1938, 52 Stat. 883;
  Chapter VIII, Section 77, sub. n as amended, Act of August 11, 1939, 53 Stat. 1406.