**CENTRAL HANOVER BANK & TRUST CO. et al. v. WILLIAMS et al.**
(two cases).

Nos. 10894, 10928.

Circuit Court of Appeals, Eighth Circuit.

March 3, 1938.

G. Carroll Stribling, of St. Louis, Mo. (A. M. Lewis, of New York City, and Thomas W. White and Fordyce, White, Mayne, Williams & Hartman, all of St. Louis, Mo., on the brief), for appellants.

Waldo C. Mayfield, of St. Louis, Mo. (Bartley & Mayfield, of St. Louis, Mo., on the brief), for appellees.

P. C. Simons and Simons, McKnight, Simons, Mitchell & McKnight, all of Enid, Okl., amicus curiæ.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

Guy W. Williams suffered personal injuries through the negligence of the St. Louis-San Francisco Railway Company while he was serving in the employ of the company as a railroad conductor in the year 1930 prior to any receivership or reorganization proceedings of the company. He obtained judgment against the company on account of the injuries in the sum of $15,000, which judgment became final on the 5th day of November, 1935. Thereafter he filed his motion in the proceedings for the reorganization of the railway company debtor under section 77 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 205 and note, for an order to pay the full amount of the judgment or claim. The applicable provision of the Bankruptcy Act is:

. "Claims of Employees for personal injuries and claims of sureties as preferred claims; change in wages or working conditions regulated; moving shops, etc., regulated."

"(n) In proceedings under this section, claims for personal injuries to employees of a railroad corporation, claims of personal representatives of deceased employees of a railroad corporation, arising under State or Federal laws, and claims on August 27, 1935 or thereafter payable by sureties upon supersedeas, appeal, attachment, or garnishment bonds executed by sureties without security for and in any action brought against such railroad corporation or trustee appointed pursuant to this section, shall be preferred against and paid out of the assets of such railroad corporation as operating expenses of such railroad. No judge or trustee acting under this title shall change the wages or working conditions of railroad employees except in the manner prescribed in sections 151 to 163 of Title 45, as amended June 21, 1934, or as they may be hereafter amended. No reorganization effected under this title and no order of the court or Commission in connection therewith shall relieve any carrier from the obligation of any final judgment of any Federal or State court rendered prior to January 1, 1929, against such carrier or against one of its predecessors in title, requiring the maintenance of offices, shops, and roundhouses at any place, where such judgment was rendered on account of the making of a valid contract or contracts by such carrier or one of its predecessors in title." Subsection (n) of section 77 of the Bankruptcy Act, as added March 3, 1933, c. 204, § 1, 47 Stat. 1474, and amended August 27, 1935, c. 774, 49 Stat. 911, 11 U.S.C.A. § 205(n).

The trustees under the prior lien mortgage of the railway company created, in 1916, answered and resisted payment being made pursuant to the provision of the statute, on the ground. that the same is unconstitutional in so far as it attempts to prefer claims for personal injuries to employees of the railroad company over the claims of the holders of the mortgage bonds, in that it deprives such bondholders

of their property without due process of law. After hearing had been had the court ordered payment of the claim to be made subordinate only to the costs of administration of the reorganization, and the trustees for the bondholders have appealed and have reasserted the unconstitutionality of the provision of the statute.[1]

We have no doubt that it is generally for Congress to say what items of expense connected with or growing out of the operation of the railroad shall have priority in bankruptcy or reorganization proceedings. That is a necessary incident of the power to establish uniform laws of bankruptcy and just and orderly proceedings in reorganization. To determine whether the power was exceeded in the matter involved, the nature of the property of the bondholders claimed to have been taken without due process must be considered. Mortgage liens on the property and income of railroads have little of substance or vitality independent of the operation of the roads, and operation costs life and limb and labor and money. The security of the lien cannot be made absolute by any form of words in the mortgage. The cost and risk of necessary operation of the railroad always are, have been, and will be present and prevent any such absolute security, and all the parts are tied up with the burdens and risks of operation; so that the property which bondholders have in the railroad and the income from its operation is qualified by the rights of those who contribute the other elements of value in the going concern. Before the reorganization statute the courts that administered railroads in receivership allowed workmen, materialmen and some others priority under certain conditions, but neither this court nor others extended the priority to those who had suffered injuries in the service of the road or to those who had gone surety for it. Pitcairn v. Fisher, 8 Cir., 78 F.2d 649; Veatch v. American Loan & Trust Co., 8 Cir., 79 F. 471; St. Louis Trust Co. v. Riley, 8 Cir., 70 F. 32, 30 L.R.A. 456.

The decisions demonstrate the necessity of allowing some preference in any liquidation and preclude any holding that preferences are generally or necessarily an unconstitutional taking of the property of the paramount lienors without due process. The line of adjudications constitutes recognition by the courts that Congress, when it made provision for uniform proceedings in bankruptcy reorganization, had the power to make classification among creditors, and it leaves the burden upon the bondholders here to demonstrate that the classification they complain of is arbitrary.

They have relied largely upon Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, but that decision does not appear to be pertinent. They also refer to innumerable decisions in which the federal courts have firmly upheld, safeguarded, and enforced the just claims and rights of lienholders. But we think it cannot be shown that the mere extension of preferences here complained of, which Congress has made beyond but in close analogy to those heretofore allowed of necessity by the courts, constitutes an arbitrary or confiscatory classification. The classification appears to have been made in the field where classification was necessary and well within the legislative powers. In re Chicago, R. I. & P. Ry. Co., 7 Cir., 90 F.2d 312, 113 A.L.R. 487.

The appellants have taken two appeals to obtain reversal of the order allowing the preferred claim of Mr. Williams, one appeal allowed by the District Court and the other allowed by this court upon application made to it, and the two appeals have been heard and are being decided together upon one printed record. The jurisdiction of this court to adjudicate the controversy upon one or the other appeal is clear, so that there has been no occasion for the parties to discuss either appeal separately or apart from the other. Under such circumstances, where the two appeals have fully established this court's jurisdiction and eliminated all question of its duty and power to adjudicate, we deem it unnecessary to dismiss either appeal. We have held that appeals improperly allowed by the lower court, consolidated with appeals allowed by the reviewing court, were not required to be dismissed. Chicago Bank of Commerce v. Carter, 8 Cir., 61 F.2d 986; In re Cherokee Public Service Co., Dickinson, Trustee, v. Orr. et al., 8 Cir., 94 F.2d 536, decided February 8, 1938. Although no consolida-

---

[1] On submission of this appeal it appeared to this court the United States should be permitted to intervene under the Act of August 24, 1937, 28 U.S.C.A. § 401 and certification was accordingly made to the Attorney General.

tion has been made here, we think the situation is so far analogous that we may follow the same procedure, and refrain from a declaration upon questions not discussed or in controversy herein.

Affirmed.