95 F.2d 214 (1938)
THOMPSON
v.
SIRATT.
No. 10993.
Circuit Court of Appeals, Eighth Circuit.
March 15, 1938.
*215 Thos. T. Railey, of St. Louis, Mo., for appellant.
Tom J. Terral, of Little Rock, Ark., for appellee.
Before STONE, GARDNER, and THOMAS, Circuit Judges.
THOMAS, Circuit Judge.
The appellant seeks reversal of an order entered in reorganization proceedings of the Missouri Pacific Railroad Company, debtor, under section 77 of the National Bankruptcy Act, 11 U.S.C.A. § 205.
The order assailed confirmed a report of the special master recommending that the claim of H. C. Siratt, appellee, in the sum of $22,500 be given priority as an operating expense over pre-existing mortgage liens upon all the properties of the debtor in accordance with the provisions of subsection (n) of section 77 of the Act, as amended August 27, 1935.
Subsection (n), as amended, provides: "In proceedings under this section, claims for personal injuries to employees of a railroad corporation, claims of personal representatives of deceased employees of a railroad corporation, arising under State or *216 Federal laws, and claims on August 27, 1935 or thereafter payable by sureties upon supersedeas, appeal, attachment, or garnishment bonds executed by sureties without security for and in any action brought against such railroad corporation or trustee appointed pursuant to this section, shall be preferred against and paid out of the assets of such railroad corporation as operating expenses of such railroad."
The material facts found by the master are not in dispute. Siratt, while in the performance of his duties as an employee of the debtor, was seriously injured at Little Rock, Ark., on February 18, 1931. In a suit against the railroad company for damages on account of such injuries, he recovered judgment on April 20, 1934, for $22,500, which was affirmed by this court on July 2, 1935. Missouri Pac. R. Co. v. Siratt, 8 Cir., 78 F.2d 253. The railroad corporation instituted reorganization proceedings on March 31, 1933; and appellee filed his claim with the special master on August 18, 1933. Prior to March 1, 1933, the properties of the debtor were subject to a bonded indebtedness in excess of $300,000,000.
The appellant contends that in classifying Siratt's claim as preferred over the mortgage lien securing the bonded indebtedness the court erred in two particulars: (1) It failed to hold that by the enactment of section 77(n) Congress intended to bring personal injury claims of employees within the six months' rule applicable in equity receivership proceedings, and in this respect to modify that rule; and (2) as construed and applied by the court section 77 (n) is in violation of the due process clause of the Fifth Amendment to the Constitution of the United States, in that it divests mortgage creditors of their vested rights in the security under mortgages recorded prior to the enactment of section 77.
The first of these contentions relates to the proper interpretation of the statute as written, and the second to its validity if construed to apply to the particular circumstances of this case. These contentions will be considered in the order they are discussed in the briefs.
First. It has long been the rule in equity that operating expenses of a railroad incurred within six months prior to the appointment of receivers are to be given priority in payment over mortgages. Fosdick v. Schall, 99 U.S. 235, 251, 25 L. Ed. 339; St. Louis & San Francisco Railroad Company v. Spiller, 274 U.S. 304, 311, 47 S.Ct. 635, 637, 71 L.Ed. 1060. That doctrine, however, does not include a claim for damages for personal injuries to an employee resulting from a negligent act of the mortgagor company committed before the appointment of a receiver. Veatch v. American Loan & Trust Co., 8 Cir., 79 F. 471, 474; Pitcairn v. Fisher, 8 Cir., 78 F.2d 649, 651, 652.
The first contention of appellant is that this so-called six months' rule is implied in the statute, and that Congress intended only to modify the rule so as to include in the category of operating expenses claims for personal injuries to employees. Since Siratt's injury occurred more than two years before the commencement of the reorganization proceedings, if this be the correct interpretation of the statute, his claim is not entitled to a preference.
There is nothing in the statute itself to indicate such an intention, and we know of no reason which would justify the court in modifying by interpretation the plain language in which the intent of Congress is expressed. The proceedings under section 77 are not the exact equivalent of equity receivership proceedings. In re Sterba, 7 Cir., 74 F.2d 413, 417. Where a statute is plain and unambiguous, and "construction according to its terms does not lead to absurd or impracticable consequences, the words employed are to be taken as the final expression of the meaning intended." United States v. Missouri Pacific Railroad Company, 278 U.S. 269, 278, 49 S.Ct. 133, 136, 73 L.Ed. 322; Helvering v. City Bank Farmers' Trust Co., 296 U.S. 85, 89, 56 S.Ct. 70, 72, 80 L.Ed. 62; Osaka Shosen Kaisha Line v. United States, 300 U.S. 98, 101, 57 S.Ct. 356, 357, 81 L.Ed. 532. Our conclusion is that the provision of subsection (n), that, "in proceedings under this section, claims for personal injuries to employees of a railroad corporation * * * shall be preferred against and paid out of the assets of such railroad," is not ambiguous, and that the court is not at liberty to read into it by implication the six months' rule.
Second. Appellant's second contention is that the act so construed takes the bondholders' property without due process of law in violation of the Fifth Amendment. It is not claimed that subsection (n) is unconstitutional when applied to mortgage liens recorded subsequent to its enactment; *217 but that it is invalid when interpreted as applicable to liens recorded prior to its passage. Appellant relies upon Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106. We do not think that case is applicable. The Radford Case held simply that section 75(s) of the Bankruptcy Act, 11 U.S.C.A. § 203(s), was invalid because it deprived the mortgagor of five enumerated substantive rights. See Wright v. Vinton, etc., Bank, 300 U.S. 440, 457, 57 S.Ct. 556, 559, 81 L.Ed. 736. None of those enumerated rights is involved in the present case. The decision followed the established rule that the exercise of the bankruptcy power of Congress, as in the case of other delegated powers, is subject to the due process clause of the Fifth Amendment. Monongahela Navigation Co. v. United States, 148 U.S. 312, 13 S.Ct. 622, 37 L.Ed. 463; Hanover Nat. Bank v. Moyses, 186 U.S. 181, 22 S.Ct. 857, 46 L. Ed. 1113; Adair v. United States, 208 U.S. 161, 180, 28 S.Ct. 277, 52 L.Ed. 436, 13 Ann.Cas. 764; Campbell v. Alleghany Corporation, 4 Cir., 75 F.2d 947, 953; Kuehner v. Irving Trust Co., 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340. In its general scope and aim, section 77 is within the bankruptcy clause of the Constitution, art. 1, § 8, cl. 4. Continental Illinois Nat. Bank v. Chicago Rock Island & P. Ry. Co., 294 U.S. 648, 675, 55 S.Ct. 595, 79 L.Ed. 1110. To hold that subsection (n) is repugnant to the Fifth Amendment requires a finding that its provisions are arbitrary and unreasonable. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 55 L.Ed. 369, Ann.Cas.1912C, 160; Twining v. New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97.
In view of the Supreme Court's approval of the six months' rule in equity receivership cases, it cannot be denied that it is entirely proper for Congress to determine that some operating expenses be given a preference over mortgage debts. In Fosdick v. Schall, supra, 99 U.S. 235, at page 252, 25 L.Ed. 339, the Supreme Court said: "Every railroad mortgagee in accepting his security impliedly agrees that the current debts made in the ordinary course of business shall be paid from the current receipts before he has any claim upon the income."
Appellants' contention that 77(n) is unreasonable stands solely upon the ground that it includes claims of employees for personal injuries more than 6 months old. Although it was pointed out in St. Louis & S. F. R. Co. v. Spiller, supra, that according to long-established practice debts would be deemed to be "current" within the meaning of the rule only if they had been incurred within six months prior to the appointment of the receivers, it is clear that the court was not laying down a rule of constitutional law embodying the six months' time limit. In the enactment of section 77(n) Congress evidently considered that the extension of the term "operating expenses" to include claims for personal injuries to employees is in the interest of the public, and that it is necessary and advantageous to a successful reorganization. It is a part of the legislative function to fix standards and establish limitations in bankruptcy, and when so determined they are not ordinarily subject to reexamination in the courts. Kuehner v. Irving Trust Co., supra. Even in equity receivership cases the limitation has never been regarded as absolute. Priority has sometimes been granted without a strict observance of the six months' rule. See Burnham v. Bowen, 111 U.S. 776, 4 S.Ct. 675, 28 L.Ed. 596; Union Trust Co. v. Morrison, 125 U.S. 591, 8 S.Ct. 1004, 31 L. Ed. 825. The fact that the definition and classification of "operating expenses" adopted in the act is different from the definition worked out by the courts of equity does not condemn the inclusion of such claims, unless to do so is so arbitrary and unreasonable as to offend the due process clause of the Fifth Amendment. No person has a vested interest in any rule of law entitling him to insist that it shall remain unchanged for his benefit. Munn v. Illinois, 94 U.S. 113, 134, 24 L.Ed. 77; New York Central R. Co. v. White, 243 U.S. 188, 198, 37 S.Ct. 247, 61 L.Ed. 667, L.R.A. 1917D, 1, Ann.Cas.1917D, 629.
The question now before us was recently considered by the Circuit Court of Appeals for the Seventh Circuit, and that court held that the statute when applied literally is valid, and that it is neither arbitrary nor unreasonable. See Wise v. Chicago, R. I. & P. Ry. Co., 7 Cir., 90 F.2d 312, 315, 316, 113 A.L.R. 487, certiorari denied Bankers Trust Co. v. Wise, 58 S.Ct. 37, 82 L.Ed. ___, October 11, 1937. We are in agreement with that conclusion. Claims for personal injuries to employees bear a direct relationship to the operation *218 of a railroad. They arise usually either out of its operation by means of which its income is produced or out of the preservation or repair of the property covered by the mortgagee's lien. In either case both the bondholder and the public are benefited by the service in which the injury occurred. Under the equity rule the cost of repairing broken or damaged equipment is allowed a preference. Under these circumstances it cannot be said that Congress was unreasonable in classifying as an operating expense the claims of employees injured in the performance of their duties as such employees. On principle such claims are not different from claims for repairs. See Central Hanover Bank & Trust Company et al. v. Williams et al., 8 Cir., 95 F.2d 210, decided March 3, 1938.
Legislation recognizing that claims for personal injuries to employees are costs necessarily incident to the operation of railroads, and making special provision for the payment of that cost, has been approved by the Supreme Court as not repugnant to the Fifth Amendment. Second Employers' Liability Cases, 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S., 44. See, also, Wilson v. New, 243 U.S. 332, 37 S.Ct. 298, 61 L.Ed. 755, L.R.A.1917E, 938, Ann.Cas.1918A, 1024, wherein the Supreme Court sustained the eight-hour law as neither arbitrary nor unreasonable, and, therefore, not unconstitutional.
It is now settled that the reorganization of railroads is a proper exercise of the bankruptcy power. Continental Illinois Nat. Bank v. Chicago Rock Island & P. Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110. And we cannot say that the classification of claims for personal injuries to employees as preferred under subsection 77 (n) is so unreasonable and arbitrary as to violate the Fifth Amendment. The legislation being a proper exercise of the bankruptcy power, there is no merit in the objection that it affects obligations incurred before its enactment. Canada Southern Ry. Co. v. Gebhard, 109 U.S. 527, 539, 3 S. Ct. 363, 27 L.Ed. 1020; Continental Illinois Nat. Bank v. Chicago Rock Island & P. Ry. Co., 294 U.S. 648, 674, 55 S.Ct. 595, 605, 79 L.Ed. 1110; United States Nat. Bank v. Pamp, 8 Cir., 77 F.2d 9, 99 A.L.R. 1370; Campbell v. Alleghany Corp., 4 Cir., 75 F.2d 947.
It results that the order appealed from is affirmed.