## AMERICAN SURETY CO. OF NEW YORK v. WABASH RY. CO. et al.

### No. 11211.

Circuit Court of Appeals, Eighth Circuit.
Nov. 21, 1939.

Rehearing Denied Dec. 11, 1939.

686

John P. Hampton, of Chicago, Ill. (George H. Williams, of St. Louis, Mo., Louis L. Dent, of Chicago, Ill., Bryan, Williams, Cave & McPheeters, of St. Louis, Mo., and Dent, Weichelt & Hampton, of Chicago, Ill., on the brief), for appellant.

R. B. Elster, of St. Louis, Mo. (N. S. Brown and Homer Hall, both of St. Louis, Mo., on the brief), for appellees Norman B. Pitcairn and Frank C. Nicodemus, Jr., as receivers of Wabash Ry. Co.

Arthur B. Shepley, Jr., of St. Louis, Mo. (Allen C. Orrick, of St. Louis, Mo., on the brief), for appellee Chase Nat. Bank.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

On December 1, 1931, receivers were appointed for the Wabash Railway Company, an appellee here. At that time the Railway had outstanding its Refunding and General Mortgage in which the trustee was the Chase National Bank of the City of New York, another appellee here.

Prior to the above date, Thomas P. Conroy had obtained a judgment for $40,000 against the Railway in a personal injury action in a State court in Illinois; the Railway had taken an appeal; and had given a supersedeas bond for $45,000 with the American Surety Company of New York, appellant here, as surety thereon. After appointment of the receivers they further prosecuted the appeal. The judgment was subsequently affirmed with a remittitur (which was accepted by Conroy) to $30,000. Thereafter petitions were filed, in the United States District Court for the Northern District of Illinois, by the receivers and by the Surety Company seeking an injunction against enforcement of the judgment. This relief having been denied, Conroy brought suit upon the appeal bond against the Surety Company to enforce the judgment.

In this state of that litigation, the Surety Company filed an intervening petition in the receivership proceeding praying allowance of the amount ($34,647.77) of the Conroy judgment, its liability ($500) on its bond in the injunction action and a reasonable attorney fee for prosecuting the injunction suit, all as a preferred claim and praying immediate payment thereof by the receivers. Thereafter (Nov. 5, 1934) the suit upon the supersedeas bond passed into judgment against the Surety Company for $34,870.37; the judgment was paid by the Surety Company; an assignment thereof made by Conroy to the Surety Company; and all of these happenings incorporated in a third amended petition in intervention filed by the Surety Company herein. The prayer of this amended petition was confined to recovery of the amount paid to Conroy with interest from date of such

payment. Thereafter (March 1, 1937) the Chase Bank (appellee) filed a bill to foreclose the Refunding and General Mortgage and the receivership was extended thereto, consolidated therewith and income sequestered for bondholders under the mortgage.

After issue joined on this amended petition and a hearing, the court entered an order allowing the amount of the Conroy judgment with interest thereon ($34,870.37) as a general claim and denying all preference. From that order, the Surety Company brings this appeal.

The single broad issue here is whether preference in payment should have been ordered, as an administrative or operating expense, as to the amount allowed by the court as a general claim. In support of its contention that such preference should have been allowed, appellant relies upon several grounds which are stated in its brief as follows:

"(a) Whether the receivers, by election, by their pleadings, by their agreement with Appellant under Court authorization, have not made the claim an administrative one even though it were not one beforehand.

"(b) Whether the mortgage bondholders after default having stood by and consented to the operation of the railroad, to produce income, to be entrusted to the receivers under a creditor's bill as their agents for more than five years, and the use of Appellant's bond by them in the administration of their trust, are not now estopped to say that Appellant's claim is not a legitimate administrative expense.

"(c) Whether Appellant's claim having arisen out of and in course of operations by the receivers to produce revenue and to conserve the transportation plant is not, as a matter of law, a proper operating expense of the receivership."[1]

These three grounds may be concisely stated as being: (a) that certain things were done by the receivers which caused this admitted liability to become an administrative (or operating) expense; (b) that the bondholders (here represented by appellee Chase National Bank) are estopped to deny that this liability is an administrative expense; (c) that the liability is, as matter of law, an operating expense.

At the time the order, here appealed, was entered it accorded with the law as declared theretofore in this Court. United States Fidelity & Guaranty Co. v. United States & Mexican Trust Co., 234 F. 238, L.R.A.1916F, 1067, approved and followed in Pitcairn v. Fisher, 8 Cir., 78 F.2d 649, and McCray v. Central Trust Co. of Illinois, 8 Cir., 28 F.2d 393, 395.

Since submission of this appeal, the Act of August 11, 1939 (Pub. 386, Chap. 689, 76th Cong. 1st Session), amending subsection n of Section 77 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 205 sub. n has come into effect.[2] This Act has been brought to our attention and briefs have been submitted as to the effect thereof upon this appeal.

Appellant contends that it is entitled to the relief accorded by the above amended subsection either because it is a surety upon a supersedeas bond in a personal injury suit or because it is the assignee of the personal injury judgment. We express no opinion upon the rights of appellant based upon its position as a surety on the supersedeas bond. We think the contention is sound as based upon its status as assignee of the judgment. This being our view, it is necessary to examine only such contentions of appellees as bear upon the rights of appellant as such assignee.

Appellees contend that the amended subsection is limited to and is for the bene-

---

[1] The parties, particularly the appellant, use the terms "operating expense" and "administrative expense" as being interchangeable. While for some purposes and in some situations it is necessary to distinguish between these terms, yet there is no such necessity for distinguishment in this case and we shall, as the parties have done, use the terms loosely without effort at exact technical usage.

[2] The amended subsection is as follows: "(n) In proceedings under this section, and in equity receiverships of railroad corporations now or hereafter pending in. any court of the United States, claims for personal injuries to employees of a railroad corporation, claims of personal representatives of deceased employees of a railroad corporation, arising under State or Federal laws, and claims now or hereafter payable by sureties upon supersedeas, appeal, attachment, or garnishment bonds, executed by sureties with out security, for and in any action brought against such railroad corporation or trustees appointed pursuant to this section, shall be preferred and paid out of the assets of such railroad corporation as operating expenses of such railroad."

fit of injured employees if living and their personal representatives upon death, and does not extend to the successors and assigns of such employees.

■ This judgment is assignable. It is true that neither a bare claim for personal injuries or an action therefor is assignable in Illinois, where this right accrued and this judgment was secured (North Chicago St. Ry. Co. v. Ackley, 171 Ill. 100, 49 N.E. 222, 44 L.R.A. 177) and had this assignment been before judgment it would have passed no enforceable right. However, the assignable character of a personal injury claim and action change when that claim passes into a final judgment and such judgment can be assigned in Illinois. Pearson's Ex'rs v. Luecht, 199 Ill. 475, 65 N.E. 363; Williams v. West Chicago Street Railroad Co., 199 Ill. 57, 64 N.E. 1024.

■ Nor did the judgment change the character of the claim merged into it but "The incident of the old debt will be carried forward to prevent the inequitable destruction of a right, privilege, or exemption" (Cutler Hardware Co. v. Hacker, 8 Cir., 238 F. 146, 147, this Court; and see Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754, as to tort carrying forward into judgment).

■ Therefore, there is no legal impediment to appellant standing in the shoes of Conroy. The question remains whether the wording of this Act is so narrow that it excludes such an assignee. The language is "claims for personal injuries to employees of a railroad corporation, claims of personal representatives of deceased employees of a railroad corporation, arising under State or Federal laws." This language, of itself, neither expressly includes nor excludes assignments of such claims for personal injuries as might be assignable either under State or Federal law. Therefore, we are driven to accepted canons of statutory construction.

■ This is a highly remedial Act. The rule of construction here applicable is that remedial Acts are to be liberally construed to carry out the remedial purpose thereof. The purpose of this Act is to secure relief for injured employees of railroads which have gone into bankruptcy or receivership after the injury and before satisfaction of the claim therefor against the railroad. That purpose may be much served by allowing the injured employee to procure returns without delay upon his judgment by sale or loan based upon assignment of the judgment. Such delay would often be a severe hardship upon the injured employee and his family or upon his family if he be killed. Why should the Congress have desired to continue such possibility of hardship in an Act for the benefit of the employee and his family? Why would the Congress want a judgment in the hands of the injured employee or (if deceased) of his personal representative to be taken care of and yet want to exclude that judgment if assigned to gain relief for the employee or his family? We think the Act should be construed to cover assignments of such judgments, where applicable State or Federal law recognizes such assignments.

■ The receivers argue that the District Court had no jurisdiction because this is an equity receivership and this Act is an amendment to the Bankruptcy Act. It is true that the jurisdiction of a District Court, acting in Bankruptcy, is different and distinct from its jurisdiction in equity. Hanna v. Brictson Mfg. Co., 8 Cir., 62 F.2d 139, 145; Naylor v. Cantley, 8 Cir., 96 F. 2d 761, 763, both in this Court. However, there can be no doubt that this Act, while an amendment to the Bankruptcy Act, expressly applies to "equity receiverships of railroad corporations". We are not aware of any Constitutional inhibition on Congress which would prevent it including such a provision in legislation amending the Bankruptcy Act.

■ Appellee, Chase National Bank of the City of New York, contends that this Act does not apply to personal injury claims which had been paid before the Act became effective, because the rights of the parties were fixed theretofore—those of Conroy when the receivers were appointed and those of appellant when the judgment was assigned. The argument and citations are really confined to the effect of the receivership upon the claim of Conroy. Reliance is placed upon the familiar rule that a receiver takes and holds the property subject only to such liens and equities as existed at the time of receivership. The citations (Illinois Central Railroad Co. v. United States Fidelity & Guaranty Co., 5 Cir., 87 F.2d 121, 123; In re K-T Sandwich Shoppe of Akron, 34 F.2d 962, 963, D.C. N.D. Ohio) are to that effect. We have no quarrel with that rule but think it inapplicable. A long established rule has been that certain labor and material claims arising before receivership have an equity to be

paid as operating expenses during receivership. Fosdick v. Schall, 99 U.S. 235, 25 L.Ed. 339. This is a judicially declared rule. What the courts could declare, obviously, the Congress could require. Heretofore, the courts have consistently decided that personal injury claims, arising in course of the operation of the railroad—even to employees—were without the rule. The reasons why the Congress could include injuries of employees is well stated for this Court by Judge Woodrough in Central Hanover Bank & Trust Co. v. Williams, 8 Cir., 95 F.2d 210, 212. Indeed, that case governs this point here. That case was upon subsection n as amended by the Act of August 27, 1935, 49 Stat. 911, 923, 11 U.S.C.A. § 205, sub. n which provided that such personal injury claims to employees should be treated as payable as operating expenses in reorganization proceedings under Section 77 of the Bankruptcy Act. Clearly, the reasoning of that opinion is, since the further amendment by the Act of August 11, 1939, equally applicable to such claims in an equity receivership of a railroad.

The order is reversed with instructions to allow the claim payable as an operating expense by the receivers.