## CARPENTER *v.* WABASH RAILWAY CO. ET AL.

No. 230. Argued January 9, 1940.—Decided January 29, 1940.

*Mr. Hyman G. Stein,* with whom *Messrs. Mark D. Eagleton* and *Roberts P. Elam* were on the brief, for petitioner.

*Mr. Arthur A. Gammell,* with whom *Messrs. Charles Nagel* and *Allen C. Qrrick* were on the brief, for respondents. *Mr. Thomas W. White* was on a brief for Central Hanover Bank & Trust Co., Trustee, and *Mr. Thomer Hall* was on a brief for Wabash Railway Co. et al., respondents.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

In February, 1931, petitioner recovered a judgment in the state court of Missouri for $15,000 against the Wabash Railway Company for personal injuries sustained in

the course of his employment by that Company. On appeal, the judgment reduced to $10,000 was affirmed.

In December, 1931, on a complaint in equity brought by a creditor of the Wabash Railway Company in the federal court in Missouri, setting forth its financial difficulties and that its undisputed liabilities exceeded the actual value of its assets, receivers were appointed. Suits brought by mortgage trustees were consolidated with the first suit. A special master was appointed to take proof of claims and it appears that in January, 1936, the master allowed petitioner's claim as an unsecured claim without lien or priority.

In January, 1938, petitioner asked leave to file a petition seeking termination of the receivership on various grounds not important here. Among other things, petitioner then alleged that the master's ruling was erroneous and that the claim was entitled to priority. In denying that petition, the District Court considered this contention and held that the "status and classification of petitioner's claim as an unsecured claim which is not entitled to any lien or priority of payment over any other unsecured claim" had been "correctly and finally determined in this cause" and that petitioner was "estopped from asserting a claim for preference and priority of payment." The Circuit Court of Appeals affirmed the decree of the District Court and in doing so passed upon that question. The court said that no statute of Missouri and no decisions of its courts had been shown which provided or held that claims for personal injuries by employees were entitled to priority as operating expenses. Considering the contention of petitioner that the Wabash Railway Company was an Indiana corporation operating in that State, and in Ohio and that the laws of those States accorded priority to his claim, the court thought that, even if so, "that situation can have no effect upon the operation and effect of this Missouri judgment." The court

also observed that while by subsection (n) of § 77 of the Bankruptcy Act claims for personal injuries to employees of a railroad corporation are entitled to priority, that provision applied expressly to proceedings in bankruptcy and the present case at this stage is an equity receivership. And, apart from that, the court considered petitioner foreclosed from asserting such rights in this suit, approving the ruling of the District Court in that respect. 103 F. 2d 996.

Petition for certiorari was filed on July 26, 1939. Subsequently, by Act of Congress approved August 11, 1939, 53 Stat. 1406, subsection (n) of § 77 of the Bankruptcy Act was amended so as to apply to equity receiverships and thus to read as follows:

"In proceedings under this section, and in equity receiverships of railroad corporations now or hereafter pending in any court of the United States, claims for personal injuries to employees of a railroad corporation, claims of personal representatives of deceased employees of a railroad corporation, arising under State or Federal laws, and claims now or hereafter payable by sureties upon supersedeas, appeal, attachment, or garnishment bonds, executed by sureties without security, for and in any action brought against such railroad corporation or trustees appointed pursuant to this section, shall be preferred and paid out of the assets of such railroad corporation as operating expenses of such railroad."

Petitioner then presented a supplemental brief in support of his application for certiorari, directing our attention to this statute, and in view of the importance of the question raised by the amendment, we granted certiorari, limited to the question of the right of the petitioner to intervene in order to assert priority. 308 U. S. 539.

For the present purpose, we may assume, without deciding, that the determination of the court below was

correct upon the record before it and in the light of the law as it then stood. But it is our duty to consider the amended statute and to decide the question in harmony with its provisions, if found to be applicable. The controlling rule was thus stated by Chief Justice Marshall in *United States* v. *Schooner Peggy*, 1 Cranch 103, 110:

"It is in the general true that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not. But if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. . . . In such a case the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside."

See, also, *Dinsmore* v. *Southern Express Co.*, 183 U. S. 115, 120; *Crozier* v. *Krupp*, 224 U. S. 290, 302; *Gulf, C. & S. F. Ry. Co.* v. *Dennis*, 224 U. S. 503, 506; *Watts, Watts & Co.* v. *Unione Austriaca*, 248 U. S. 9, 21.

We are of the opinion that the amended statute is applicable to this proceeding. The statute applies to "equity receiverships of railroad corporations now . . . pending in any court of the United States." This is such a case. The statute applies to "claims for personal injuries to employees of a railroad corporation." This is such a claim. The statute says that a claim of that sort "shall be preferred and paid out of the assets of such railroad corporation as operating expenses of such railroad." This is a direct requirement governing the action of the court in this cause.

We have no doubt that Congress has constitutional power to impose this requirement. We have held that earnings, while a railroad is in possession of the court and

operated by its receivers, "are not necessarily and exclusively the property of the mortgagees" but are subject to the payment of claims which have superior equities as these may be found to exist. *Fosdick* v. *Schall*, 99 U. S. 235; *Hale* v. *Frost*, 99 U. S. 389, 392. Claims having such equities may be accorded priority in payment although they arose prior to the receivership. *Miltenberger* v. *Logansport Railway Co.*, 106 U. S. 286; *Burnham* v. *Bowen*, 111 U. S. 776; *Union Trust Co.* v. *Illinois Midland Ry. Co.*, 117 U. S. 434. It is manifest that the reasonable classification of claims as entitled to priority because of superior equities may be the subject of determination by Congress in providing for the distribution of assets in bankruptcy proceedings. See *Kuehner* v. *Irving Trust Co.*, 299 U. S. 445, 451, 452. In this view, the provision of subsection (n) of § 77 of the Bankruptcy Act, as it stood prior to the amendment of August 11, 1939, was sustained by the Circuit Court, of Appeals of the Seventh Circuit in *Wise* v. *Chicago, R. I. & P. Ry. Co.* (90 F. 2d 312) with respect to certain unsecured surety bonds, and by the Circuit Court of Appeals of the Eighth Circuit with respect to claims for injuries to railroad employees. *Central Hanover Bank & Trust Co.* v. *Williams*, 95 F. 2d 210; *Thompson* v. *Siratt*, 95 F. 2d 214.

We see no ground for a different conclusion with respect to the power of Congress to enact the amendment in relation to the distribution of assets in the case of an equity receivership. And the fact that the provision as to the latter is included in a section of the bankruptcy statute does not derogate from its controlling authority as an expression of the will of Congress. The Circuit Court of Appeals of the Eighth Circuit has recently held this provision as to equity receiverships to be applicable and valid in relation to claims for personal injuries sustained by employees of this railroad corporation. *Ameri-*

*can Surety Co.* v. *Wabash Railway Co.,* 107 F. 2d 685. We think the conclusion is sound.

It is urged in opposition to petitioner's contention that unless and until the District Court upon, proper application has passed upon the question as to extending the time for filing petitioner's claim under the amended statute, the question of its priority is not properly before this Court; that petitioner has not asked the District Court to pass upon that question in the light of the amended statute. But when the Act of August 11, 1939, was passed, the case was before this Court upon petition for certiorari, which has been granted, and in order properly to dispose of the case we are bound, as already stated, to consider and apply the amended statute. Then, the argument is pressed that, at least, we should remand the case to the District Court in order that it may determine whether the claim for preference and payment under the amendment should be entertained. It is said that such applications may be considered in the light of existing circumstances, or of the stage which the proceedings have reached, as, for example, in relation to steps which may have been taken in carrying out plans for reorganization.

We find no provision in the statute for the exercise of such a discretion by the District Court where the proceedings to which the statute refers are pending and the claims are within the statute. There is no suggestion that the present proceeding had been terminated prior to the enactment of the amendment or that it is not now pending. The statute is explicit and mandatory and the District Court has no discretion to act contrary to its terms. The statute says that the described claims "shall be preferred and paid out of the assets of such railroad corporation as operating expenses of such railroad." Petitioner's claim is within the class described and should be preferred and paid accordingly.

The judgment of the Circuit Court of Appeals is vacated and the cause is remanded to the District Court with directions to allow petitioner's claim in accordance with the statutory provision.

*Judgment vacated.*