**BISHOP & BABCOCK MANUFACTURING CO., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 9221.

Circuit Court of Appeals, Sixth Circuit.

Dec. 1, 1942.

John T. Scott, Robert W. Wheeler, and M. B. & H. H. Johnson, all of Cleveland, Ohio, for petitioner.

Samuel O. Clark, Jr., J. P. Wenchel, Sewall Key, John W. Smith, Gerald L. Wallace, and Maryhelen Wigle, all of Washington, D. C., for respondent.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

On October 16, 1942, we affirmed the decision of the Board of Tax Appeals, 131 F.2d 222 (now the "Tax Court of the United States"), in which a deficiency was determined against the petitioner for surtaxes on undistributed profits because not prohibited by a contract as the term is used in Sec. 26 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 835, as construed in Helvering v. Northwest Steel Rolling Mills, Inc., 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29, thereby following our decisions in Warren Telephone Co. v. Commissioner, 6 Cir., 128 F.2d 503, and Metal Specialty Co. v. Commissioner, 6 Cir., 128 F.2d 259.

On November 13, 1942, while the said cause was still within the jurisdiction of this court, the time within which to apply for rehearing not having expired, a petition for rehearing was filed calling attention to Sec. 501 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, amending Sec. 26 of the Revenue Act of 1936 in respect to paragraph (c) (3) thereof, relating to "Restrictions on payment of dividends", so as to include in such restrictions dividends of corporations having a deficit in accumulated earnings and profits, if the corporation is prohibited by a provision of law or an order of a public regulatory body from paying dividends during the existence of such deficit, and if such provision was in effect prior to May 1, 1936, and also to Sec. 26(b) making certain amendments to the 1936 law effective as of the date of its enactment.

In view of these changes in law, and under compulsion of Carpenter v. Wabash Railway Co., 309 U.S. 23, 60 S.Ct. 416, 84 L.Ed. 558, and Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327, our order of October 16, 1942, affirming the Board's decision, must be reconsidered in respect to changes in law effective before final decision and, so considering, it is our conclusion that our order must be withdrawn and set aside and the decision of the Board of Tax Appeals reversed.

Inasmuch, however, as further consideration must now be given to the status of the taxpayer as a corporation having a deficit in accumulated earnings and profits at the close of the preceding taxable year, the amount of such deficit, whether the taxpayer is a corporation prohibited by provision of local law or an order of a public regulatory body from paying dividends during the existence of the deficit, and whether, if so, such provision or order was in effect prior to May 1, 1936, it is our view that the case should be remanded to the Board of Tax Appeals for further proceedings consistent with the provisions of Sec. 501 of the Revenue Act of 1942.

Wherefore our order of October 16, 1942, is hereby set aside, the decision of the Board of Tax Appeals reversed, and the cause remanded for further proceedings consistent herewith.