Defendant refused to call a special election for the adoption or rejection of the municipal-manager form of government law, as provided by R.S. 40:79-1 et seq., on the ground that the Legislature had not adopted any enabling legislation to provide for absentee voting for those in the military service and, such an election, if held, would be illegal and void and violative of article 2, paragraph 4, of the 1947 Constitution.
Admittedly, a petition requesting such an election, with the signatures of the required number of qualified voters *Page 229 
thereon, was filed with the respondent. Respondent refused to call such an election. Plaintiff thereupon filed his complaint in the Law Division of the Superior Court, praying that the respondent be required to comply with the request of the petition, to which complaint respondent filed his answer that a valid election could not be held because of the failure of the Legislature to adopt effective enabling legislation for military service absentee voting. Since there were only questions of law involved, the matter proceeded before the court on the pleadings, as a consequence of which the Law Division dismissed the complaint. This appeal was taken from the judgment of dismissal.
Respondent contends that P.L. 1948, c. 1, providing for military service absentee voting applies only to general and primary elections; that it does not comprehend special elections and is a method provided exclusively for military service absentee voting in peace time only; that the present time is "in time of war within the meaning and intendment of the Constitution of New Jersey, in view of the fact that an actual state of war exists and will continue until such time as the United States concludes a peace treaty with its enemies."
We find it unnecessary to decide the issues raised by this appeal, in view of the fact that the 1949 session of the Legislature adopted a supplement to the act providing for military service absentee voting. It was approved by the Governor on April 28, 1949, and has been designated as chapter 54,P.L. 1949. This statute provides a comprehensive plan and procedure for military service absentee voting in every type of election not covered by P.L. 1948, c. 1. The 1949 law clearly applies to the special election in question and is dispositive of the issue here. The law prevailing at the time of a determination of the question by an appellate court governs and not the law prevailing at the time the question was determined by the court below. See 111 A.L.R., at p. 1318 et seq., and the cases there collated. Chief Justice Hughes of the United States Supreme Court, who wrote the unanimous opinion of that court in the case of Carpenter v. Wabash Railway Co., 309 U.S. 23-30,84 L.Ed. 558, 561, *Page 230 
followed the controlling rule as it was stated by Chief Justice Marshall in United States v. The Peggy, 1 Cranch, U.S., 103, 110, 2 L.Ed. 49, 51, as follows:
"It is in the general true that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not. But if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. * * * In such a case the court must decide according to the existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside."
Commenting on Chief Justice Hughes' opinion in Carpenter v.Wabash Railway Co., supra, Mr. Justice Perskie in speaking for the Court of Errors and Appeals, in Westinghouse Elec. Corp. v.United E.R. and M. Workers, 139 N.J. Eq. 97 (1946), stated:
"A rule of law which was pronounced in 1801 by Chief Justice Marshall and followed by Chief Justice Hughes in 1940, is one which well merits its adoption and perpetuation by this court."
We are persuaded that Mr. Justice Perskie states correctly the rule of law applicable here.
We are convinced that the 1949 supplement was clearly intended by the Legislature to apply to the situation sub judice and, in view of the fact that it provides for military service absentee voting at special elections, the objection, whether valid or not, to the calling of such an election, has been removed. It is clear that the 1949 law is applicable to military service absentee voting in either peace or war time.
We point out that our determination does not, under the circumstances, construe or decide the legal questions raised by this appeal.
The judgment of the Law Division is reversed. *Page 231