## JACOBS v. OFFICE OF HOUSING EXPEDITER et al.

### No. 9808.

United States Court of Appeals
Seventh Circuit.

June 23, 1949.

Lawrence Jacobs, Chicago, Ill., for appellant.

Ed Dupree, General Counsel, Hugo V. Prucha, Assistant General Counsel, Francis X. Riley, Special Litigation Attorney, Office of Housing Expediter, Washington, D. C., Wm. S. Kaplan, Office of Housing Expediter, Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, and MINTON and DUFFY, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff brought this action in the district court seeking a declaratory judgment under Sec. 274d of the Judicial Code, 28 U.S.C. § 400, now Title 28 U.S.C.A. §§ 2201-2202. The named defendants were

subordinate officials acting under the direction of the Housing Expediter, except that "Office of the Housing Expediter" is also listed as a defendant. The complaint alleged that plaintiff, as a landlord, operated a housing accommodation containing six apartments, located in the city of Chicago, Illinois; that the defendant agency and its officers, upon a finding of substantial hardship existing with regard to said housing accommodation, increased the rent, but that in determining the amount of said increase used a standard in conflict with Secs. 201 (b) and 204(b) of the Housing and Rent Act of 1947, and Sec. 202(b) (1) [1] of the Housing and Rent Act of 1948.

Plaintiff alleged that he had exhausted his administrative remedy. The complaint then prayed for an order that plaintiff is entitled to relief by having rents on his property set at a rate which would return him at least 6% on his investment; that he is entitled to such relief as of the date such hardship was brought to the notice of the rent director, namely, July 28, 1947, or in the alternative as of the date of the finding of substantial hardship, namely, October 30, 1947.

Plaintiff filed a motion to join Tighe E. Woods, the Housing Expediter, as a party defendant, and while it is not entirely clear from the record just how this motion was disposed of, from the subsequent action of the court it is apparent that it was denied. The various defendants and the Housing Expediter then filed a motion to dismiss, based upon various grounds, including:

"4. That Tighe E. Woods, Housing Expediter, Office of Housing Expediter, is a necessary and indispensable party-defendant to this action, no service has been obtained or can be obtained upon said Tighe E. Woods, since his official residence is in Washington, D. C. * * *

*   *   *   *   *   *

"6. The complaint fails to state a claim upon which relief can be granted."

The district court entered an order dismissing the action upon the ground that the Housing Expediter, Tighe E. Woods, was a necessary and indispensable party, and this appeal is from that order.

Under the Housing and Rent Control Acts of 1947 and 1948, 50 U.S.C.A.Appendix, § 1881 et seq., as well as under the amendments thereto, effective March 30, 1949, the authority to regulate and control rents, to make adjustments, and to decontrol areas, is vested in the Housing Expediter. Only he is specifically given the power to make adjustments, to correct inequities, and to carry out the purposes and provisions of the act. Although local advisory boards are authorized to make recommendations for decontrol of defense-rental areas, the Expediter may disapprove such recommendations. Sec. 204(c) (4), as amended by Sec. 202(d) of the 1948 Act.

Plaintiff relies on Williams et al. v. Fanning, Postmaster of Los Angeles, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, wherein the Postmaster General was held not to be an indispensable party in a suit where the plaintiff sought an injunction to prevent the postmaster from carrying out a fraud order which had been issued by the Postmaster General. In that case, in answer to the suggestion that the local postmaster would be left under a command of his superior to do what the court had forbidden him to do, the court said, 332 U.S. at page 494, 68 S.Ct. at page 189: "But that seems to us immaterial if the decree which is entered will effectively grant the relief desired by expending itself on the subordinate official who is before the court. It seems plain in the present case that that will be the result even though the local postmaster alone is sued. It is he who refuses to pay money orders, who places the stamp 'fraudulent' on the mail, who returns the mail to the senders. If he desists in those acts, the matter is at an end. That is all the relief which petitioners seek. * * *"

[1] The confusion as to whether plaintiff correctly or not referred to Sec. 202(b) (1) in the complaint arises because, as passed on 3-30-48, Sec. 202(b) of Public Law 464, p. 129 of U. S. Code Cong. Service, 1948 amended Sec. 204(b) of the previous act, and in the revision this longer subsection was divided into (b) (1), (b) (2), (b) (3), and (b) (4).

The Supreme Court cited Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411, Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068, and Warner Valley Stock Co. v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621, in the Williams case, and distinguished these cases from it. In the Webster case the suit was brought by an Osage Indian to require the Secretary of the Interior to make a payment to him from funds which had been provided by an act of Congress. The court held that the Secretary was an indispensable party to the action, as he had the power and responsibility of making such payments. And in the Gnerich case a subordinate official of the Commissioner of Internal Revenue had refused to give plaintiff as liberal a permit under the National Prohibition Act as plaintiff claimed to be entitled. The court there held that the Commissioner was an indispensable party, as a subordinate official would have no power to issue such permit without a review of his delegated authority.

Speaking of Gnerich v. Rutter, supra, and related cases, the Supreme Court said in the Williams case, supra, 332 U.S. at page 493, 68 S.Ct. at page 189: "These cases evolved the principle that the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him."

We think that the case at bar is governed by the rule expressed in the Webster and Gnerich cases. In a number of the cases throughout the country, where subordinate officials of the Housing Expediter have been sued since the Housing and Rent Act of 1947 and its 1948 amendment, the Expediter has been held to be an indispensable party. See: the unpublished cases of Whitehall v. Turchi [2] (D.C., E.D., Pa., No. 8078, decided 3-24-48), Mitchell v. Creedon[2] (S.D., Cal., No. 7900-Y, decided 2-2-48), Bayshore Royal Hotel Corp. v. Avirett, Area Rent Administrator[2] (S.D., Fla., No. 1456, decided 12-6-47), Herman v. Woods[2] (S.D., N. Y., No. 44-244, decided 2-19-48),

and Prince v. United States of America, Office of the Housing Expediter[2] (D.C., S.D., N. Y., No. 48-327, decided 1-19-49). No decisions to the contrary have been called to our attention, and we know of none. It follows that the District Court did not err in dismissing the complaint because the Housing Expediter was a necessary and indispensable party.

But there is an additional reason why the complaint was properly dismissed. Since this appeal was taken Congress has passed amendments to the Housing and Rent Act of 1947, which amendments became effective on April 1, 1949. Sec. 204(b) (1), 50 U.S.C.A.Appendix, § 1894(b) (1), now provides for the maintenance of maximum rent levels which will return to landlords a fair net operating income. Congress left the determination of what is a fair net operating income to the Expediter. On May 5, 1949, the Expediter published Amendment 92 to the Regulations, 14 F.R. 2233, which provides that a fair net operating income for buildings of five or more units shall be not less than 20% "of the annual income." A petition for adjustment under said paragraph must be filed in accordance with the instructions therein.

Generally speaking, a change in the law between the decision in a nisi prius court and the determination of the case in an appellate court requires the latter court to apply the changed law. Ziffrin, Inc. v. United States, et al., 318 U.S. 73, 78, 63 S.Ct. 465, 87 L.Ed. 621; Carpenter v. Wabash Railway Co., et al., 309 U.S. 23, 27, 60 S.Ct. 416, 84 L.Ed. 558; Texas Co. v. Brown, et al., 258 U.S. 466, 474, 42 S.Ct. 375, 66 L.Ed. 721. We think in this instance we must apply the law as amended, which completely rejects plaintiff's contention that the returns from the rents of his apartments should be based upon his investment. After much deliberation Congress adopted the annual income of the property as the base from which a fair net operating income shall be measured.

The complaint herein, premised on the theory that plaintiff is entitled to have the rents on his property set at a figure which

---

[2] No opinion for publication.

would return to him a sum of at least 6% on his investment, does not state a claim upon which relief can be granted. This is an additional reason why the complaint was properly dismissed.

Affirmed.