Marie B. BOYD, Executrix of Linn Boyd, Deceased, Appellant,

v.

William M. GRAY, District Director of Internal Revenue, Appellee.

No. 13504.

United States Court of Appeals Sixth Circuit.

Dec. 23, 1958.

Wheeler & Marshall, Ralph Schuette, Paducah, Ky., for appellant.

Charles K. Rice, Lee A. Jackson, Melvin L. Lebow, Washington, D. C., J. Leonard Walker, Louisville, Ky., for appellee.

Before MILLER, Circuit Judge, and GOURLEY and WEICK, District Judges.

PER CURIAM.

Appellant brought this action in the District Court to recover the sum of $6,687.07 with interest, which principal amount she alleged was illegally assessed and collected from her by reason of the disallowance of the marital deduction in the amount of $96,011.65, on the ground that the decedent's residuary estate did not qualify for the deduction under Sec. 812(e), Internal Revenue Code of 1939, as added by Sec. 361(a), Revenue Act of 1948, 26 U.S.C.A. § 812(e).

Appellant is the widow and Executrix of Linn Boyd, who died, a resident of Kentucky, on November 25, 1951. Decedent's will devised and bequeathed all the residue of his estate to the appellant "to be used, enjoyed and disposed of by her in any way she may choose, with this provision, however, that should any of said property belonging to my estate remain at the death of my wife, the same shall pass to and become the property of my son, Linn Boyd, Jr."

The District Judge dismissed the action on November 29, 1957, relying

mainly upon Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, 17 A.L.R.2d 1. This appeal followed. Briefs in support of their respective contentions were filed in this Court by the appellant on March 20, 1958, and by the appellee on April 23, 1958.

■ Thereafter, on September 2, 1958, before consideration of the appeal by this Court, Sec. 812(e) of the Internal Revenue Code was amended by Sec. 93, Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1606, which by its express terms is made applicable to estates of decedents dying after April 1, 1948, and before August 17, 1954. The amendment is accordingly applicable to the estate involved in this litigation. Carpenter v. Wabash Railway Co., 309 U.S. 23, 27, 60 S.Ct. 416, 84 L.Ed. 558. Counsel for the respective parties differ sharply as to the effect of this new legislation upon the judgment of the District Court, their respective contentions being based upon their different views of the law of Kentucky necessarily involved. At the present time the litigation involves a different question from that argued to and decided by the District Judge. With respect to the Kentucky law involved we are referred to no clear cut ruling by the Court of Appeals of Kentucky.

We are of the opinion that it is advisable to have the views of the District Judge, formerly a practicing lawyer of many years experience in Kentucky, upon this new aspect of the case. Mutual Ben. Health & Accident Ass'n v. Cohen, 8 Cir., 194 F.2d 232, 241, certiorari denied 343 U.S. 965, 72 S.Ct. 1059, 96 L. Ed. 1362; MacGregor v. State Mutual Life Assurance Co., 315 U.S. 280, 62 S. Ct. 607, 86 L.Ed. 846; Helvering v. Stuart, 317 U.S. 154, 163, 63 S.Ct. 140, 87 L.Ed. 154.

■ The judgment of the District Court is vacated and the case is remanded to that Court for consideration of the effect of the Technical Amendments Act of 1958 upon the issues involved in the action. Compare Edward G. Budd Manufacturing Co. v. N. L. R. B., 332 U.S.

840, 68 S.Ct. 262, 92 L.Ed. 412; Brown v. United States, 348 U.S. 905, 75 S.Ct. 311, 99 L.Ed. 710.