**LEA TOWING CO., Inc., and Lea River Lines, Inc., Appellants,**

v.

**STANDARD SUPPLY CORPORATION,**
Appellee.

**No. 13761.**

United States Court of Appeals
Sixth Circuit.

April 30, 1959.

It is conceded that the dock or cell in question, constructed by one of appellee's predecessors in interest under a permit issued by the Department of the Army on July 5, 1950, extends approximately 25 feet toward the "Sailing Line" of the river "with its inshore edge commencing at the normal pool stage water line", and stands approximately 15 feet above the level of the river at normal pool stage. It is also conceded that at the time of the collision in controversy the river had risen well above normal pool stage, the top of the mooring cell was "about six feet under water", and there was no buoy or other marking indicating the presence of the submerged cell.

Throughout the District Court proceedings and the pendency of this appeal, the parties had been unable to cite any statute or regulation dealing with the marking of an object such as involved in this case, until shortly prior to oral argument here when appellants found and cited 33 C.F.R. § 66.01–35 in their reply brief. [See 33 U.S.C.A. § 1.]

It appears that this regulation may be applicable to appellee's mooring cell by reason of the provisions of condition "(h)" of the permit under which the cell was erected. However, the District Court did not have the benefit of the regulation in determining the issues as to fault; nor has appellee had opportunity either to meet appellants' argument as to the applicability of the regulation or, if applicable, to adduce possible evidence as to compliance therewith by appellee or some predecessor in interest.

Intimating no opinion as to appellants' contentions with respect to the regulation, we deem it just under the circumstances that the interlocutory decree under review, and the findings of fact and conclusions of law on which the decree is predicated, be set aside [28 U.S.C. § 2106], and the cause remanded to the District Court for further proceedings, including consideration of the effect of 33 C.F.R. § 66.01–35 upon the issues in suit [cf. Boyd v. Gray, 6 Cir., 1958, 261 F.2d 914], the parties to bear their own costs on this appeal.

William S. Stone, New Orleans, La., A. J. Deindoerfer, Jr., Wm. O. Guethlein of Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky. (Deutsch, Kerrigan & Stiles, New Orleans, La.) on the brief, for appellants.

T. Kennedy Helm, Jr., Louisville, Ky., James B. Young and Stites, Wood, Helm & Peabody, Louisville, Ky., on the brief, for appellee.

Before McALLISTER and SHACK-ELFORD MILLER, Jr., Circuit Judges, and MATHES, District Judge.

PER CURIAM.

Both the claimant of the libeled M/V Marjelea and the intervening libelant, owner pro hac vice of her tow, the barge Ruth [Adm. Rule 34, 28 U.S.C.A.], appeal from an interlocutory decree adjudging fault of the M/V Marjelea to be the sole cause of damages resulting from the collision, on February 6, 1956, of the barge Ruth with an unloading dock or mooring cell maintained by appellee abutting the north shore of the Ohio River at Madison, Indiana. [28 U.S.C. § 1292(3).]