JULIA P. WORTH ET AL., PROSECUTORS, v. THE TOWN OF
WESTFIELD, DEFENDANT.

Submitted March 23, 1911—Decided June 20, 1911.

1. The supplement of 1899 (*Pamph. L., p.* 241) to the Towns act of
   1895 (*Gen. Stat., p.* 3525) is not unconstitutional as delegating to
   the town council the power of making such supplement effective.
2. In assessing for the construction of sidewalks on the principle of
   actual benefits, the front foot rule is *prima facie* an equitable basis
   of assessment.
3. When such sidewalk improvement involves the destruction of
   growing trees, and no provision of law exists for the award by
   the board of assessors to abutting owners of damages therefor,
   the fact that such damages are sustained will not justify the can-
   cellation of an assessment for benefits for the construction of the
   sidewalk, even though such damages equal or exceed the benefits.

On *certiorari.*

Before Justices GARRISON, PARKER and VOORHEES.

For the prosecutors, *Frederick S. Taggart.*

For the defendant, *Paul Q. Oliver.*

The opinion of the court was delivered by

PARKER, J. The prosecutors by this writ question the
validity and amount of an assessment imposed upon their
lands pursuant to an ordinance of the town of Westfield
passed August 2d, 1909, to grade, flag and relay existing flag-
ging on the northerly sidewalk of South avenue between cer-
tain terminal points named.

A fundamental point raised is that the whole assessment
is invalid because the board of assessors which imposed it
was not a lawful body, and this because the statute for the
creation of such board of assessors is unconstitutional as em-
bodying a referendum to the governing body of the town, and
consequently falling within the ruling in *Attorney-General*

v. *McGuinness,* 49 *Vroom* 346. But an examination of the act in question demonstrates the error of this claim. This act is chapter 107 of the laws of 1899 (*Pamph. L., p.* 241), and is a supplement to the Towns act of 1895. *Pamph. L., p.* 218; *Gen. Stat., p.* 3525. Section 59 of the Towns act provides for the appointment by the council of "commissioners of assessment" and prescribes their duties. By the act of 1899, it is made lawful for the town council, "in its discretion, to pass ordinances or resolutions to take effect therein, for the following purposes, to wit, to provide for a board of assessors to consist of three members," and goes on to provide how such board shall be appointed, that upon such appointment the existing commissioners of assessment shall be abolished, and confers on such new board the powers of making awards of damage for taking of lands, and assessments for benefits resulting from public improvements. These powers are inclusive of those conferred by section 59 of the Towns act, and the question now is whether the conferring upon the town council the power of prescribing that the making of assessments for improvements should thereafter be exercised by a board of assessors instead of by commissioners of assessment, is obnoxious to the ruling in the McGuinness case.

In 1884, the legislature gave to cities the power of establishing excise boards and prescribed that in such case the excise boards should have power to make ordinances respecting the sale of liquor. Although by the establishment of such an excise board a city deprived itself of jurisdiction to pass such ordinances (*State, Featherstone,* v. *Lambertville,* 21 *Vroom* 507; *Doran* v. *Camden,* 35 *Id.* 666, 667), it was held that there was no delegation to the municipal body of the power of making the act effective, which was the test of the referendum; but that the power was directly created by the legislature and originally granted to the boards of excise commissioners, and all that was entrusted to the municipality was the power to create the board. *Riley* v. *Trenton,* 22 *Id.* 498. A similar act passed in 1901 (*Pamph. L., p.* 239) was upheld on the same grounds in *Schwarz* v. *Dover,* 41 *Id.* 502;

*affirmed,* 43 *Id.* 311. The distinction between these acts and a pure referendum was adverted to in the McGuinness case, 49 *Id.* (at *p.* 382). The present case falls within the reasoning of Riley *v.* Trenton and Schwarz *v.* Dover, and it follows that the supplement of 1899 is not open to the constitutional objection urged against it.

The next ground of attack is that the assessment is unwarranted and excessive, because either no benefits were conferred by the improvement; or the assessment is largely in excess of any such benefits; or because the assessors should have considered the damage done to prosecutors by the removal of certain trees growing in front of their property and which were cut down as incidental to the rectification of the sidewalk grade.

That the laying of a flagged sidewalk was, taken by itself, a benefit, was conceded by prosecutors' own witnesses. The assessors reported that no lot had been assessed in excess of benefits. Has the effect of this report as evidence been overcome? It is urged that substantially the whole cost was assessed; but this does not show that it was not properly assessable. It is also urged that the assessments were laid by the front foot rule; but it is manifest that that rule is *prima facie* an equitable one in cases of sidewalk, even when, as in this case, the statute requires assessment according to benefits and not arbitrarily by the front foot rule. *Gen. Stat., p.* 3541, *pl.* 232, § 71. The gravamen of the argument that the assessment exceeds the benefits appears to be this, that prosecutors were damaged more than the amount of their assessment by the removal of the shade trees, and therefore that no net benefit was conferred. It is not claimed that the assessors should have awarded the difference to the prosecutors. On the contrary, it is expressly conceded in prosecutors' brief that no award for damages could have been made, and that none was asked. But if this be so, it is obvious that the tree damage should not be considered at all against the assessment; for prosecutors are asking, in the face of their concession, that so much of the damage as will suffice to counterbalance the assessment be deducted as though it were an

award. Assuming that the removal of the trees was permissible only by virtue of an ordinance (Town act, section 47), prosecutors may have an action for damages. *Winter* v. *Peterson,* 4 *Zab.* 524; *Dilts* v. *Stockton,* 44 *Vroom* 158. See *Avis* v. *Vineland,* 27 *Id.* 474, 477. If, as is claimed, they are damaged by change of grade, they may have an action on account of that also. *Pamph. L.* 1906, *p.* 323. If the improvement in question had included the taking of lands on which the trees stood, and a condemnation and award had been had, the value of the trees should have formed part of the award. *Green* v. *Irvington,* 47 *Id.* 5; *affirmed, post p.* 723. But these conditions do not exist in the present case; and in our judgment the damage claimed for trees could not properly be offset by the assessors against the assessment.

Again it is said that the total assessment includes the cost of grading and removal of trees, and that this is also divided on the front foot basis, whereas properties in front of which grading and tree cutting was done should pay for this to the exemption of the others. Such a course would have been illegal because in actual disregard of benefits. *State, Van Tassel,* v. *Jersey City,* 8 *Vroom* 128. It may well be said that the grading and tree removal, incidental to the flagging, benefited all the frontage equally.

Finally it is said that the grading done was not incidental, but substantial, and therefore required a special ordinance. Assuming the grading was substantial, which may well be doubted, prosecutors point to no provision of the Town act which indicates that both grading and flagging may not be authorized and assessed for under the same ordinance. On the contrary, sections 64 and 71 of the Town act lend countenance to the view that such improvements may be prosecuted in one ordinance and included in one assessment. See *Beechwood Park Land Co.* v. *Summit,* 49 *Vroom* 182; and as to lump assessment, *Batchelor* v. *Avon-by-the-Sea,* 49 *Id.* 503, 506.

We find no illegality in the proceedings, and the assessment is therefore affirmed, with costs.