ELLEN F. HAYES, RESPONDENT, v. THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, A MUNICIPAL CORPORATION, APPELLANT.

Submitted July 3, 1919—Decided November 17, 1919.

*Pamph. L.* 1916, *p.* 298, approved March 17th, 1916, which is entitled "A supplement to an act entitled 'An act providing for the pensioning of police officers and policemen in certain municipalities of this state,' approved March 30th, 1911" (*Pamph. L., p.* 104), does not offend against the constitutional provisions of article 1, paragraph 19, or article 4, paragraph 7, subdivision 4. The city of Hoboken having adopted and enforced this law and compelled the husband of plaintiff, who was a policeman, to contribute to the fund for a long period of time, the municipality ought not to be permitted to retain the enforced contributions. The plaintiff is not limited to a proceeding by *mandamus* but may enforce her claim by a common law action, even after a *mandamus* has been refused.

On appeal from the Hudson County Circuit Court.

For the appellant, *Horace L. Allen.*

For the respondent, *Collins & Corbin, George S. Hobart* and *Edward A. Markley.*

The opinion of the court was delivered by

BLACK, J. This is an appeal from the Hudson County Circuit Court, tried before Judge Campbell without a jury.

The action was brought by the widow of Patrick J. Hayes, who died from a tumor of the bladder after twenty-two years of service on the police force. Her claim is based upon a supplement to the Pension Fund act of 1916, page 298, chapter 144, paragraph 1, which provides that "the widow of every member of such police force in any municipality of this state, in which the act to which this is a supplement is applicable, where such member shall have paid or shall hereafter pay into the fund provided for the act to which this act is a supplement, the full amount of the annual assessments or contributions, who shall have died or shall hereafter die from causes other than injuries received in the performance of duty, and who shall have served at the time of his death nine years as a member of such police force, shall, so long as she remains unmarried, receive a pension equivalent to one-half of the pay of her deceased husband."

The first contention on the part of the municipality is that this judgment is erroneous, because the statute on which it is based is unconstitutional, violating the provision which prohibits any county, city, borough, &c., from giving any money or property to or in aid of any individual association or corporation, &c. Article 1, paragraph 19. We think there is no merit in this contention. The pension fund is made up largely of enforced contributions by members of the police force. It is added to from the money collected for taxes. It is maintained in part by monthly contributions and annual assessments, which the policemen of the department were compelled to make and pay. The treasurer of the city, who is required to give bond, was given the possession of the fund. The moneys paid for pensions are a part of the compensation to be paid for the services rendered by members of the force and are an inducing cause to their enlistments. Moreover, having enforced this law, and compelled the husband to contribute to the fund for so long a period of time,

the municipality ought not to be permitted to retain the enforced contributions.

Next, it is said, the statute is unconstitutional, because its object or purpose is not expressed in its title. Article 4, section 7, subdivision 4. In addtion to what has already been said, we think the title, as amended, does not violate constitutional provisions (*Pamph. L.* 1917, *pp.* 55, 56), nor for that matter does the original title. *Pamph. L.* 1911, *p.* 104; *Pamph. L.* 1916, *p.* 141. An act providing for the pensioning of police officers and policemen in certain municipalities of this state, expresses the general purpose, the method of distributing the pension, the term on which it shall list the beneficiaries in case of the death of the original one, are all detailed in the carrying out of the general scheme. In the interpretation of this constitutional provision, the "object" of a law must not be confused with its product, said Mr. Justice Garrison in the case of *Moore* v. *Burdett,* 62 *N. J. L.* 163. The object of every law, by force of the constitution, must be single and be expressed in the title of the law; the product may be as diverse as the object requires and finds its expression in the terms of the enactment only. In fine, the title of an act is a label, not an index. *Ibid.*

Next, it is said, the plaintiff was without right to enforce her claim by a common law action, but was limited to a proceeding by *mandamus*. There seems to be nothing in this point. She may proceed by *mandamus,* but she is not compelled to resort to that remedy. If *mandamus* had been applied for, and the court in its discretion had refused the writ, it is clear the plaintiff could even then pursue her common law remedy. *Clarke* v. *Earle,* 42 *N. J. L.* 94, 97. She may be compelled to enforce her judgment by *mandamus,* but her right to a trial by jury is not affected thereby. Moreover, we think this question cannot now be raised. No challenge to the jurisdiction was interposed. The defendant saw fit to try the case out on the merits and it should not be permitted now to raise the question.

Another objection is, the statute is unconstitutional, because it delegates legislative powers, in that, it leaves to the

board of aldermen, &c., the power to adopt the provisions of the statute or not as they may see fit. *Pamph. L.* 1911, *p.* 107, ¶ 8. Our decision in *Attorney-General* v. *McGuinness,* 78 *N. J. L.* 346, is not applicable. In that case, the point was raised by an information in the Supreme Court, in the nature of a *quo warranto,* to test the constitutionality of the so-called Civil Service law. This court held that act was the delegation of legislative power to municipal corporations and it is not valid when submitted to the governing body of such municipality only. Here we have no such procedure, but only the acceptance by a municipal corporation of the provisions of a legislative act, which does not carry the delegation of legislative powers. This is a vital distinction, from a constitutional standpoint, as was pointed out in that case. This view renders it unnecessary to express any opinion on the point argued by the respondent that an attack on the constitutionality of such a statute must be made by the state itself, in a direct proceeding, instituted by the attorney-general of the state, in the nature of a *quo warranto,* that it cannot be raised collaterally.

It also renders unnecessary any discussion of the act (*Pamph. L.* 1916, *p.* 109) providing for the practice when cases are submitted to the court without a jury.

The Chancellor, in the case of *Pannonia Building and Loan Association* v. *West Side Trust Co., ante p.* 377, has written and filed during the present term of the court an opinion construing that statute, which is applicable to the point raised and argued by the respondent in this case.

The judgment of the Hudson Circuit Court is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, ACKERSON, JJ. 10.

*For reversal*—PARKER, BERGEN, GARDNER, JJ. 3.