ROBERT J. ECCLES, PROSECUTOR, v. TOWNSHIP COMMIT-
TEE OF EGG HARBOR TOWNSHIP, DEFENDANT.

Decided August 7, 1933.

Before Justice DONGES, sitting alone, pursuant to the statute.

For the prosecutor, *William I. Garrison.*

For the defendant, *Thompson & Hanstein.*

DONGES, J. This writ seeks a review of an ordinance of the township of Egg Harbor establishing a board of assessors, adopted June 20th, 1932, under the authority of chapter 312 of the laws of 1926.

The prosecutor was elected at the election of November 3d, 1931, as tax assessor for a term of three years commencing July 1st, 1932, to succeed himself. On June 30th, 1932, the township committee adopted an ordinance creating a board of assessors to take over the duties theretofore incumbent upon the tax assessor.

Chapter 312 (*Pamph. L.* 1926) provided: "From and after the passage of this act, and its acceptance or adoption as hereinafter provided, it shall be lawful for any township or borough by its township committee or its mayor and council to appoint a board of three assessors of taxes to appraise and value the property of said township or borough * * *. Such board of assessors shall perform all the duties imposed by law upon assessors in townships and boroughs." There follow provisions for the duties, method of appointment, term of office, fixing of compensation by the governing body, &c. Then the act provides: "This act shall only become operative in any township or borough when its provisions are accepted by ordinance enacted by the governing body of such township or borough * * *."

Two grounds for setting the ordinance aside are argued by prosecutor. First, that the statute relied upon by respondent is unconstitutional, and, second, that its provisions were never accepted by the respondent.

It is argued by prosecutor that the act of 1926 referred to is unconstitutional in that it violates the rule laid down in *Booth* v. *McGuinness,* 78 *N. J. L.* 346; 75 *Atl. Rep.* 455; *McCarthy* v. *Walter,* 108 *N. J. L.* 282; 156 *Atl. Rep.* 772, and other cases cited, in that it imposes an alien will between that of the legislature and the municipality to be governed

by providing for acceptance by the governing body of the township. However, in *Hayes* v. *Hoboken,* 93 *N. J. L.* 432; 108 *Atl. Rep.* 868, Mr. Justice Black, speaking for the Court of Errors and Appeals, pointed out a clear distinction between a case of this kind and those relied upon to establish the unconstitutionality of the Pension act there under attack. Speaking of the scope of *Booth* v. *McGuinness, supra,* the court said:

"This court held that act was the delegation of legislative power to municipal corporations and it is not valid when submitted to the governing body of such municipality only. Here we have no such procedure, but only the acceptance by a municipal corporation of the provisions of a legislative act, which does not carry the delegation of legislative powers. This is a vital distinction, from a constitutional standpoint, as was pointed out in that case."

A similar situation is presented in the instant case. There is no delegation of legislative power. The act of the legislature is a complete enactment on the subject, defining the powers and duties of the board of assessors and leaving to the governing body of the municipality only the power to accept its provisions.

In *Worth* v. *Westfield,* 81 *N. J. L.* 301; 80 *Atl. Rep.* 104, the Supreme Court held that an amendment to the Towns act creating a board of assessors upon acceptance of the act by the governing body, was not in contravention of the doctrine of *Booth* v. *McGuinness, supra. McCarthy* v. *Walter, supra,* does not deal with the question involved in this case.

On authority of *Hayes* v. *Hoboken, supra,* and *Worth* v. *Westfield, supra,* I conclude that the act of 1926 does not violate the constitution in the respect complained of.

The other point argued is that the ordinance in question did not accept the provisions of the above mentioned statute. It did not use the word "accept," but by its terms it did accept and put into effect the statute, and no other construction could be put upon it than that the statute's "provisions are accepted by ordinance," which is the language of section 4 of the statute of 1926.

The writ is dismissed, with costs.