7 N.J. Super. 213 (1950)
72 A.2d 886
BERGEN COUNTY SEWER AUTHORITY, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THE BOROUGH OF LITTLE FERRY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1950.
Decided April 19, 1950.
*216 Before Judges JACOBS, McGEEHAN and EASTWOOD.
Mr. Alfred W. Kiefer argued the cause for the appellant.
Mr. Walter H. Jones argued the cause for the respondent.
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from an order appointing condemnation commissioners entered by a Judge of the Law Division, Superior Court.
The plaintiff, Bergen County Sewer Authority, filed its verified petition alleging that it has power to condemn under R.S. 40:36A-36; it has determined that it is necessary in order to accomplish its purposes that title to the land described in the petition be acquired and it has not been possible to obtain it because of inability to agree with the interested persons; an inspection of the land discloses that it is vacant and unoccupied and the records disclose that it is owned by the Borough of Little Ferry, a municipal corporation *217 of New Jersey; and praying for an order appointing condemnation commissioners. Upon the filing of the petition the Judge of the Law Division fixed the time and place for hearing, thereafter the matter was heard on the verified petition, and on December 16, 1949, an order appointing commissioners was entered. On December 23, 1949, the Borough of Little Ferry filed a notice of appeal to the Appellate Division from this order. The appellant's appendix on its appeal consists of the verified petition, order assigning the time and place for hearing, notice of hearing, order appointing commissioners and notice of appeal. Although the briefs of the parties contain controverted factual assertions, our consideration of the appeal must be confined to the facts properly embodied in the record. See Bonanno v. Bonanno, 4 N.J. 268 (Sup. Ct. 1950).
In support of its contention that the Judge of the Law Division erred in entering the order appointing commissioners, the Borough urges that (1) the plaintiff has no authority under R.S. 40:36A-1 et seq. to condemn lands owned by a municipality, (2) R.S. 40:36A-1 et seq. creating the plaintiff violates provisions of the State and Federal Constitutions and (3) the plaintiff's powers are nullified by the terms of R.S. 58:15-1 et seq. The plaintiff while disputing these contentions urges, as a preliminary point, that the Borough has no right to maintain a direct appeal to the Appellate Division from the order appointing commissioners.
Prior to the adoption of the Constitution of 1947 and the new Court Rules, orders appointing commissioners were reviewable on certiorari. R.S. 20:1-8. See Ryan v. Housing Authority of Newark, 125 N.J.L. 336, 342 (Sup. Ct. 1940). On such review evidence material to the issues being presented was obtainable by way of depositions. See Ward v. Keenan, 3 N.J. 298, 306 (Sup. Ct. 1949). Since the adoption of our new Constitution and Rules, orders appointing commissioners are reviewable by the prescribed procedure in lieu of prerogative writs under Rule 3:81. See P.L. 1948, c. 375, p. 1544 (R.S. 1:1-23). We assume for *218 present purposes, as the plaintiff contends, that the Borough might have instituted a separate proceeding under Rule 3:81-2 in the Law Division where it could have proceeded to trial and introduced material evidence. Nevertheless, under Rule 3:81-7 it had authority to proceed, as it has, by direct appeal to the Appellate Division to review the validity of the order on the record below. That Rule provides that "statutory proceedings in the Superior Court" may be reviewed on appeal to the Appellate Division in the same manner as appeals from the Trial Divisions. It appears to us that this language was intended to encompass condemnation proceedings where a Judge of the Superior Court sits as a "statutory tribunal." Teaneck Township, Bergen County, v. Mercer, 124 N.J.L. 120, 123 (E. & A. 1940); cf. Massett Building Co. v. Bennett, 4 N.J. 53, 60 (Sup. Ct. 1950). We are satisfied that the Borough's appeal is maintainable under Rule 3:81-7 and that although the order is interlocutory in nature it is at this time appealable on the grounds asserted within the liberal intendment of Rules 4:2-2(c) and 4:2-2(d).

I.
The first issue bearing on the merits is whether the plaintiff is empowered to condemn any lands owned by the Borough. In State Highway Commission v. City of Elizabeth, 102 N.J. Eq. 221 (Ch. 1928); affirmed, 103 N.J. Eq. 376 (E. & A. 1928), the Court dealt fully with the right of the State Highway Commission to condemn lands owned by the City of Elizabeth. Although the statute contained no express grant of power to condemn land in public use, the Court found that such power existed by necessary implication. In the course of its opinion the Court referred with approval to the doctrines express in 2 Lewis, Eminent Domain (3rd Ed. 1909), § 440, p. 796, where the author, in supporting the view that property devoted to a public use may be taken for a paramount public use, suggested that "we should say that there was a reasonable necessity for the taking where the public interests would be better subserved thereby, or where *219 the advantages to the condemnor will largely exceed the disadvantages to the condemnee." Cf. New Jersey Turnpike Authority v. Parsons, 3 N.J. 235, 249 (Sup. Ct. 1949). It may be noted that although there was some question in the City of Elizabeth case as to whether the municipally owned lands were in fact being used for public purposes, the Court rested its decision on the assumption that they were, but pointed out that "except for the question of present public user, nothing more is required of the complainant to accomplish the taking than if the property were privately owned." There is authority elsewhere to the same effect. See In re Matter of Rochester Water Commissioners, 66 N.Y. 413, 418 (1876); Lewis, supra, § 442, p. 799; 4 McQuillin, Municipal Corporations (2d Ed. 1943), § 1623, p. 554.
The plaintiff, Bergen County Sewer Authority, is charged with relieving and preventing pollution of the Hackensack River and its tributaries, an important health function of concern to the State and particularly to the many municipalities immediately affected thereby. Pertinent legislative enactments have been adopted from time to time. See P.L. 1926, c. 173, p. 282; P.L. 1930, c. 144, p. 556; P.L. 1931, c. 178, p. 400; P.L. 1932, c. 129, p. 219; P.L. 1933, c. 288, p. 771; P.L. 1933, c. 373, p. 1024 (R.S. 58:15-1 et seq.); P.L. 1945, c. 300, p. 852 (R.S. 58:15A-1 et seq.); P.L. 1946, c. 123, p. 571 (R.S. 40:36A-1 et seq.). The last cited and culminating statute under which the plaintiff was created provides in R.S. 40:36A-36 that the plaintiff shall have full power to acquire lands by condemnation and may enter and take property in advance of making compensation; in R.S. 40:36A-19 and R.S. 40:36A-23 it is declared a body corporate for the protection of the public safety, health and welfare with full power to do all acts and things necessary in the acquisition, construction and operation of its sewer system: in R.S. 40:36A-24 it is given power to enter public and private lands and waters and make such reasonable use thereof as may be necessary or proper; and under R.S. 40:36A-62 it is provided that the object of the Act being the protection *220 and preservation of public health, safety and welfare it shall be liberally construed. In the light of these comprehensive provisions and their legislative antecedents and considering the nature of the plaintiff's statutory function, we incline to the belief that power to condemn municipally owned land used for lesser public needs or purposes might well be implied within the legislative grant. Cf. State Highway Commission v. City of Elizabeth, supra. In any event, we find no justifiable basis, in reason or authority, for denying such power where, as under the record before us, the sole issue is whether in proper and reasonable furtherance of its important public undertaking the plaintiff may condemn land which, although municipally owned, is not in fact being devoted to any significant public use but is vacant and unoccupied. Cf. Matter of Rochester Water Commissioners, supra; Lewis, supra; McQuillin, supra. We have concluded that the Judge of the Law Division did not err in overruling the Borough's contention that the plaintiff has no legal authority to condemn any municipally owned lands.
It is noted that on April 5, 1950, subsequent to the writing of the foregoing, P.L. 1950, c. 20, became law. This Act, after setting forth in its preamble that it was the legislative intent in P.L. 1946, c. 123 (R.S. 40:36A-1 et seq.), to grant to Sewer Authorities power to condemn public lands and such power was being confirmed and the legislative intent clarified, amended R.S. 40:36A-36 to provide expressly that the Sewer Authority shall have full power to condemn lands "including public lands, parks, playgrounds, reservations or parts thereof, or rights therein." We believe that if it were necessary plaintiff could properly invoke this Act in support of its position on the Borough's appeal. Cf. Binnetti v. Swenson, 3 N.J. Super. 227, 229 (App. Div. 1949).

II.
The next contention advanced by the Borough is that the Act (R.S. 40:36A-1 et seq.) constitutes unconstitutional "special and local" legislation. We consider this contention *221 to be without merit. Unlike the earlier legislation which set up a drainage district for the Hackensack River and its tributaries "applicable to only one of the two counties drained by it" and declared unconstitutional in Sherwood v. Bergen-Hackensack Sanitary Sewer Authority, 135 N.J.L. 304, 306 (E. & A. 1947), the present Act (R.S. 40:36A-1 et seq.) applies equally and without discrimination to all of the populous counties in the State. It provides that whenever any river flows through the territory of any first or second class county and the natural drainage area of the river includes the territory of more than one municipality and is subject to such pollution as to become a threat to the public health of the communities within the drainage area, the board of chosen freeholders of the county may establish a county sewer authority such as the plaintiff. The statute is general in terms and although the less populated counties are excluded as a class, there is reasonable basis for this classification. Cf. Ross v. Board of Chosen Freeholders of Essex County, 69 N.J.L. 143, 145 (Sup. Ct. 1903); affirmed, 69 N.J.L. 291, 292 (E. & A. 1903).
The Borough contends that within the holding of Attorney General v. McGuinness, 78 N.J.L. 346 (E. & A. 1910), there has been an unconstitutional delegation of legislative power in R.S. 40:36A-1 et seq. Under the Act, Bergen County was permitted to establish the Sewer Authority upon its finding that the Hackensack River, having a natural drainage area which includes the territory of more than one municipality in Bergen County, was subject to pollution to such degree that it was or was likely to become a threat to the public health of the communities within the drainage area. The sufficiency of the County's finding is not questioned and upon its creation of the Sewer Authority the entire Act, which embodied detailed and complete legislation, came into effect. The mere fact that the Act did not become applicable to Bergen County until its establishment of the Sewer Authority does not support the suggestion that the Legislature has improperly delegated legislative power. See Hartman *222 v. Board of Chosen Freeholders, 127 N.J.L. 170, 173 (Sup. Ct. 1941); Eccles v. Township Committee of Egg Harbor Township, 11 N.J. Misc. 698, 700 (Sup. Ct. 1933); Hayes v. City of Hoboken, 93 N.J.L. 432, 435 (E. & A. 1919); Worth v. Town of Westfield, 81 N.J.L. 301, 302 (Sup. Ct. 1911). In the Westfield case Mr. Justice Parker, in referring to the various Acts which authorized cities to establish excise boards, pointed out that there had been no improper delegation "but that the power was directly created by the legislature and originally granted to the boards of excise commissioners, and all that was entrusted to the municipality was the power to create the board." In Romano v. Housing Authority, Newark, 123 N.J.L. 428 (Sup. Ct. 1939); affirmed, 124 N.J.L. 452 (E. & A. 1940), the Court sustained the Act which authorized counties and municipalities to create housing authorities to function as provided in the legislation. R.S. 55:14A-1 et seq. Within the foregoing authorities and under currently recognized principles relating to the establishment of administrative agencies by the Legislature, or by governmental subdivisions of the Legislature pursuant to statutory authority, we find no persuasive basis for questioning the sufficiency of the Act authorizing the establishment of the Bergen County Sewer Authority. Cf. Belovsky v. Redevelopment Authority, 357 Pa. 329, 54 A.2d 277 (Sup. Ct. 1947).
The Borough asserts that the Act (R.S. 40:36A-1 et seq.) denies to it the equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution. The Act in no wise discriminates against the Borough and we fail to discern on what basis it might be held, in this proceeding, to conflict with the equal protection clause. Furthermore, the Legislature in authorizing the creation of regional bodies, such as the Sewer Authority, has ample power to impose their functions upon municipalities which are but creatures of the State (Jersey City v. Martin, 126 N.J.L. 353, 361 (E. & A. 1941)) and are in no position to invoke against it the protection of the Fourteenth Amendment of the *223 United States Constitution. North Jersey District Water Supply Commission v. State Water Policy Commission, 129 N.J.L. 326, 332 (Sup. Ct. 1943).

III.
Finally, the Borough urges that R.S. 58:15-1 et seq. relating to the Hackensack River Sewerage District is still in effect and that under R.S. 58:15-5 the State has agreed with prospective bondholders to prohibit a competitive sewer system such as the Bergen County Sewer Authority. R.S. 58:15-1 et seq. was repealed by P.L. 1945, c. 300, p. 852, which was declared unconstitutional in Sherwood v. Bergen-Hackensack Sanitary Sewer Authority, supra. We shall assume, as the Borough contends, that if there were no other legislation, R.S. 58:15-1 et seq. would automatically revive upon the invalidation of the repealer. However, there was pertinent later legislation, namely, the Act authorizing the creation of the plaintiff (R.S. 40:36A-1 et seq., effective April 23, 1946), which expressly provided that it shall be controlling over earlier inconsistent statutory provisions. R.S. 40:36A-61. That the later Legislature had general power to supersede enactments by earlier Legislatures may not be questioned and we are not, in the present condemnation proceeding between the plaintiff and the Borough, concerned with the protection against competitive sewer systems theretofore afforded by R.S. 58:15-5 to prospective bondholders of the Hackensack River Sewerage Authority. It has not been suggested that the Hackensack River Sewerage Authority ever proceeded with the construction of any sewer system or the issuance of any bonds. We consider that the Borough's contention under R.S. 58:15-1 et seq. is without substance.
The order below is affirmed.