135 N.J. Super. 308 (1975)
343 A.2d 154
NEW JERSEY CIVIL SERVICE ASSOCIATION, CAMDEN COUNCIL NO. 10, PLAINTIFF,
v.
THE MAYOR AND CITY COUNCIL OF THE CITY OF CAMDEN AND THE CITY BUSINESS ADMINISTRATOR, DEFENDANTS.
Superior Court of New Jersey, Law Division.
June 30, 1975.
*310 Mr. Joseph A. Carmen for plaintiff.
Mr. Michael J. DiCola for defendants (Mr. Martin F. McKernan, Jr., attorney).
HEINE, J.S.C.
This action in lieu of prerogative writs raises the issue whether a municipality can agree in a collective bargaining agreement to provide dental services to its employees.
The facts are not disputed. On July 2, 1974 the City of Camden entered into two collective bargaining agreements with Council No. 10, New Jersey Civil Service Association, *311 acting in behalf of the supervisory personnel and the blue collar workers of the city. Each of the agreements provided as follows:
The City of Camden agrees to adopt a dental plan for the City employees effective July 1, 1974.
(a) From July 1, 1974 said dental plan shall cover the City employees only.
(b) During the contract year, January 1, 1975 to December 31, 1975, said dental plan shall cover City employees and their spouses.
(c) During the contract year, January 1, 1976 to December 31, 1976, said denial plan shall cover the City employees, their spouses and children.
On July 18, 1974 the city council adopted a resolution authorizing the city business administrator to enter into a contract with North American Dental Plans, Inc. for dental services for the city employees. Information regarding the nature and scope of the benefits was distributed to the city employees. Pursuant to the plan the employees were treated during parts of July and August at the dental clinic established by North American.
On August 22, 1974 city council adopted a resolution rescinding the resolution of July 18 and discontinued the dental plan services.
The complaint challenges the resolution of August 22 and seeks the re-establishment of the dental plan and damages. The city resists on the theory that because there is no statutory authority for the agreement to provide the dental plan, the agreement was ultra vires. Cross-motions for summary judgment ripen the issue for decision.
In support of its position the city argues that it has no express authority to contract to provide the dental plan. It concedes that it has not only the powers expressly conferred upon it but also those of necessary or fair implication, incidental to the powers expressly conferred or essential thereto. Inganamort v. Fort Lee, 62 N.J. 521, 533 (1973); N.J. Const. (1947), Art. IV, § VII, par. 11.
*312 N.J.S.A. 40:69A-29(a) provides:
Each municipality governed by an optional form of government pursuant to this act shall, subject to the provisions of this act or other general laws, have full power to:
(a) organize and regulate its internal affairs, and to establish, alter, and abolish offices, positions and employments and to define the functions, powers and duties thereof and fix their term, tenure, and compensation.
Camden is a Faulkner Act city governed by optional form of government. N.J.S.A. 40:69A-49 et seq.
N.J.S.A. 40A:9-13 provides, in pertinent part, as follows:
Any municipality * * * herein referred to as employers, may enter into contracts of * * * hospitalization, medical, surgical, major medical expense or health and accident insurance with any insurance company or companies authorized to do business in this State or may contract with a * * * medical service corporation with respect to the benefits which they are authorized to provide respectively. Such contract or contracts shall provide any one or more of such coverages for the employees of such employer and may include their dependents. "Dependents" shall include an employee's spouse and the employee's unmarried children. * * *
The city concedes that the services or benefits enumerated in N.J.S.A. 40A:9-13 are mere forms of compensation or additional compensation which the city is expressly authorized to fix under N.J.S.A. 40:69A-29. Accord, Hayes v. Hoboken, 93 N.J.L. 432 (E. & A. 1919); Riddlestorffer v. Rahway, 82 N.J. Super. 35 (Law Div. 1963); Maywood Ed. Ass'n, Inc. v. Maywood Bd. of Ed., 131 N.J. Super. 551 (Ch. Div. 1974). Compensation is surely part of terms and conditions of employment which are subject to negotiation within the contemplation of the Employer-Employee Relations Act. N.J.S.A. 34:13A-5.3. Englewood Bd. of Ed. v. Englewood Teachers, 64 N.J. 1, 6-7 (1973). The city urges, however, that since N.J.S.A. 40A:9-13 does not specifically mention "dental insurance" or "a dental service corporation" it may not contract to provide *313 those services or benefits; further, it suggests that the absence of an express authority should be interpreted as an implied prohibition.
The court holds that providing dental services is expressly authorized in the statute, N.J.S.A. 40A:9-13. The diagnosis, treatment and care of human teeth, gums, and all that pertains to the oral cavity (cf. N.J.S.A. 45:6-19, defining "Practicing dentistry"), may be considered as included and forming part of the "medical, surgical or health coverages" for which the municipality is allowed to contract.
Even if this be not so, the contract is sustainable under N.J.S.A. 40:69A-29(a), which authorizes the fixing of the compensation of municipal employees, as well as N.J.S.A. 34:13A-5.3. This additional compensation may take the form of reimbursement of the cost to the employee. On the other hand, as an alternative to cash payments, it may be in the best interest of the municipality, economically or administratively, to contract that dental service be furnished to its employees either by an insurance policy or clinical dental treatment. By providing dental service or benefits the municipality is, in a sense, merely substituting the service or benefits for the payment of the additional compensation agreed to in the contract. The agreement to provide these benefits was not, therefore, ultra vires the city.
The city further argues that the omission of specific mention of "dental insurance" or "dental service" in N.J.S.A. 40A:9-13 should be interpreted as a prohibition against municipalities providing such insurance or service to its employees, which finds support in the doctrine of expressio unius est exclusio alterius. This maxim doctrine has been said to be
* * * a mere aid to interpretation [which] usually serves to describe a result rather than to assist in reaching it. The final question is whether in a given context an express provision with respect to a portion of an area reveals by implication a decision with respect to the remainder. The issue is one of intention. The answer resides in the common sense of the situation. [Reilly v. Ozzard, 33 N.J. 529, 539 (1960)] *314 Maywood Ed. Ass'n, Inc. v. Maywood Bd. of Ed., supra; 2A Sutherland, Statutory Construction (4 ed. C.D. Sands 1973), 127.
The Legislature has not restricted a municipality's power to provide dental service. In the absence of an express legislative restriction against bargaining for that benefit of employment, the authority to provide those benefits resides in the municipality under the broad powers and duties delegated by the statutes. Were it otherwise a municipality would not be able to bargain collectively and to make agreements concerning terms of employment with its employees unless specific statutory authority for each provision of the agreement existed. See Teachers Ass'n, Cent. H.S.D. No. 3 v. Board of Ed., etc., 34 A.D.2d 351, 312 N.Y.S.2d 252, 256 (App. Div. 1970).
In further support of its argument of negative implication, the city points out that in 1972 the Legislature adopted Senate Bill No. 163. This bill attempted to amend N.J.S.A. 40:11-15.1 (now 40A:9-13) by adding the terms "dental" and "dental service." That bill was vetoed by Governor Cahill on December 14, 1972. No further action was undertaken by that Legislature to override the veto or by any subsequent Legislature to re-enact the bill. From these facts the city argues that there was a clear legislative intent to exclude those terms.
This argument does not follow necessarily. It may be that the Legislature did not act further in the matter because it may have considered that the law did in fact include the purposes of the proposed amendment, so there was no need to further act in the matter or that the proposed legislation was objectionable for other reasons. Hilton Acres v. Klein, 64 N.J. Super. 281, 294 (App. Div. 1960), mod. 35 N.J. 570 (1961); Moore v. Bd. of Freeholders, 39 N.J. 26, 30 (1962); 2A Sutherland, op. cit., § 48.18 at 224.
Judgment is entered in favor of plaintiff, without costs.