## STATE OF NEW JERSEY, PLAINTIFF, v. JOHN ROSENMAN, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued January 11, 1982—Decided February 8, 1982.

Before Judges ALLCORN and FRANCIS.

*Isadore I. Zlotkin,* Assistant Monmouth County Counsel, argued the cause for appellant Monmouth County (*Richard T. O'Connor,* Monmouth County Counsel, attorney).

*J. Michael Blake,* Deputy Attorney General, argued the cause for respondent Parole Board (*James R. Zazzali,* Attorney General of New Jersey, attorney; *Andrea M. Silkowitz,* Deputy Attorney General, of counsel).

PER CURIAM.

Implicated in this appeal is whether a fine imposed upon Jack Rosenman, an inmate in a State correctional facility, to be paid as a condition of parole, should be collected by the Bureau of Parole (Department of Corrections) and paid over to the State Treasury. In directing the inmate to make such payment the Department relied upon *N.J.S.A.* 2C:46-4 (Fines Act) and *N.J.S.A.* 30:4–123.59(g), (h) (Parole Act of 1979). Appellant,[1] Monmouth County, challenges the action of the Parole Board in ordering the fine paid to the Bureau of Parole, contending that since the fine was imposed at the county level prior to the passage of the above provisions, the fine should be collected by

---

[1]This appeal actually relates to a dispute between the County of Monmouth and the Department of Corrections rather than controversy between the captioned parties.

the county probation office and paid over to the county treasurer. We disagree and affirm the action of the Department of Corrections.

*N.J.S.A.* 30:4–123.59(g), (h), the pertinent part of the Parole Act of 1979, provides:

g.  If the [State Parole] board has granted parole to any inmate from a State correctional facility and the court had imposed a fine on such inmate, the appropriate board panel shall release such inmate on condition that he make specified fine payments to the Bureau of Parole. For violation of such conditions, or for violation of a special condition requiring restitution, parole may be revoked only for refusal or failure to make a good faith effort to make such payment.

h.  Upon collection of the fine the same shall be paid over by the Department of Corrections to the State Treasury.

*N.J.S.A.* 2C:46–4 (Fines Act) provides:

a.  All fines and restitution shall be collected as follows:

(1) All fines and restitution imposed by the Superior Court or county district court, or otherwise imposed at the county level, shall be collected by the county probation department except *when such fine or restitution is imposed in conjunction with a custodial sentence to a State correctional facility in which event such fine or restitution shall be collected by the Department of Corrections.* (2) All fines and restitution imposed by a municipal court shall be collected by the municipal court clerk except if such fine or restitution is ordered as a condition of probation in which event it shall be collected by the county probation department. All fines so collected shall be distributed to the appropriate governmental treasury as provided herein.

b.  Except as provided in subsection c. with respect to fines imposed on appeals following convictions in municipal courts, all fines imposed by the Superior Court, county district court, or otherwise imposed at the county level, shall be paid over by the officer entitled to collect same to:

(1) The county treasurer with respect to fines imposed on defendants who are sentenced to and serve a custodial term, including a term as a condition of probation, in the county jail, workhouse or penitentiary except where such county sentence is served concurrently with a sentence to a State institution; or (2) *The State Treasurer with respect to all other fines.*

c.  All fines imposed by municipal courts on defendants convicted of crimes, disorderly persons offenses and petty disorderly persons offenses, and all fines imposed following conviction on appeal therefrom, shall be paid over by the officer entitled to collect same to the treasury of the municipality wherein the municipal court is located. In the case of any intermunicipal court, the fines shall be apportioned among the several municipalities to which the court's jurisdiction extends, according to the ratio of the municipalities' contributions to the total expense of maintaining said court. [*L.*1979, *c.* 396, § 3, eff. Feb. 6, 1980; emphasis supplied]

The plain language of both of these statutes mandates that the fine imposed on Jack Rosenman (as with all State Prison inmates) be collected by the Bureau of Parole of the Department of Corrections and distributed to the State Treasury.

Unless a statute is ambiguous or uncertain, the plain words control. *In re Information Resources,* 126 *N.J.Super.* 42, 49–50 (App.Div.1973). Here the operative language of *N.J.S.A.* 2C:46–4 repeatedly and clearly provides that *"all* fines and restitution" shall be distributed in the designated manner. The designated manner for State Prison inmates is the same manner which is provided for by *N.J.S.A.* 30:4–123.59(g) and (h), *i.e.,* the Bureau of Parole collects the fine payments and conveys them to the State Treasury. In the absence of an explicit indication of a special meaning of the word "all" as used in the statute, it is to be given its ordinary and well-understood meaning. *See Safeway Trails, Inc. v. Furman,* 41 *N.J.* 467, 478 (1964), *cert.* den. 379 *U.S.* 14, 85 *S.Ct.* 144, 13 *L.Ed.*2d 84 (1964). By the use of this inclusive language it is clear that the Legislature intended the specified distribution procedure, which took effect immediately, to be applicable to all monies recovered after February 6, 1980, the effective date of *N.J.S.A.* 2C:46–4.

Similarly, the plain language of *N.J.S.A.* 30:4–123.59(g), (h) mandates that Jack Rosenman's fine be collected by the Bureau of Parole and paid over to the State Treasury. The statute provides for no other method of collecting fines which had been imposed on State Prison inmates who have been paroled and requires that the fine be paid over to the Department of the Treasury.

The Legislature's clear intention to apply the collection procedures by both *N.J.S.A.* 2C:46–4 and the Parole Act of 1979 to persons already sentenced to the State Prison is evidenced by the provision of *N.J.S.A.* 30:4–123.46(a), which provides:

Except as otherwise provided by this Act, this Act shall apply to all persons *now serving* or hereafter sentenced or committed to state correctional facilities . . . [Emphasis supplied]

▮▮ The county's citation of *N.J.S.A.* 2C:1–1(b) in support of its argument that the new collection procedure does not cover Rosenman's fine is inapposite. *N.J.S.A.* 2C:1–1(b) was enacted prior to both *N.J.S.A.* 2C:46–4 and 30:4–123.59(a) and (b). *N.J.S.A.* 2C:1–1(b) provides:

[T]he [criminal] code does not apply to offenses committed prior to its effective date and prosecutions and dispositions for such offenses shall be governed by the prior law. . . .

This provision does not apply to the question here under consideration. Requiring parolees to pay fines to the Bureau of Parole does not change or alter the court's "sentence or disposition." No alteration is made in the inmate's obligation imposed by the court to pay the fine. What the Legislature has done is create a new and more efficient method of collecting the fine. The legislative history of the cited section makes it clear that the section as enacted does not apply to the procedure for the collection of fines.[2] This amendment was meant to cover the situation where a person committed an offense before the effective date of the Code of Criminal Justice, but a disposition of the charges did not occur until after the effective date of the Code. That situation, of course, does not prevail here.

▮▮ The county also contends that the Code of Criminal Justice is not retroactive and that *N.J.S.A.* 2C:46–4 and 30:4–123.59 should not apply to an outstanding fine. Even if this were so, the operative event is the collection of the fine and the provisions of the statutes therefore apply prospectively. *Arguendo*, if the application of the statutes are considered to be retroactive, that retroactivity is no obstacle. Retroactivity is a question of legislative intent, *Rothman v. Rothman*, 65 *N.J.* 219 (1974), and we have already indicated that the clear import of the statutory provisions leaves no doubt as to the legislative intent to make them retroactive. Related to the question of retroactivity is the county's contention that as to a corporation,

---

[2]See Assembly Judiciary Law, Public Safety and Defense Committee statement to Assembly Bill 3279.

the county is a person protected by the Due Process Clauses of the State and Federal Constitutions, and, in a substantive sense, cannot be deprived of the fine imposed on Rosenman. This argument ignores the correct legal status of counties in New Jersey and their relation to the State. Courts have consistently held that counties are dependent upon and subject to the control of the State. *Williams v. Mayor and Council of Baltimore*, 289 *U.S.* 36, 53 *S.Ct.* 431, 77 *L.Ed.* 1015 (1933); *Trenton v. New Jersey*, 262 *U.S.* 182, 43 *S.Ct.* 534, 67 *L.Ed.* 937 (1923); *Mobile County v. Kimball*, 102 *U.S.* 691, 26 *L.Ed.* 238 (1881); *Clark v. Degnan*, 83 *N.J.* 393 (1980); *McKenney v. Byrne*, 82 *N.J.* 304 (1980). Moreover, the county, as a creature of the State, may not invoke against it the protection of either the State or Federal Constitutions. *Clark v. Degnan, supra. Camden v. Byrne*, 82 *N.J.* 133, 157 (1980); *Bergen Cty. Sewer Auth. v. Little Ferry*, 7 *N.J.Super.* 213, 222–223 (App.Div.1950).

In *Clark v. Degnan* several counties sued the State, contesting the State Legislature's authority to mandate that counties make certain expenditures for welfare assistance. The counties argued that they had been deprived of due process under the State and Federal Constitutions because they were prevented from using funds which they raised at their own discretion. This court rejected these contentions as follows:

> The due process argument has no merit here when considering budget making and legislative discretion, for several reasons. It is clear that counties, like municipalities, "have no rights in their governmental capacities under the Fourteenth Amendment as against the State which created them."  . . There is nothing in the submitted papers even approaching a viable due process issue or asserting a violation of fundamental constitutional rights so as to provoke inquiry into the legislative judgment. The allegation of due process violation, as sparse as it may be, is merely conclusory in nature and presents no such issue. [163 *N.J.Super.* 344 at 366, 368]

This court, although it recognized counties as corporate entities, held that they were subject to the will of the State Legislature. The Supreme Court, in affirming the Appellate Division, recognized the fiscal dilemma posed by the legislative decision. The court held that the counties should direct their pleas to the State

Legislature because the wisdom of the legislation at issue was "peculiarly within the legislative domain." 83 *N.J.* at 400.

The rationale of the *Clark* decision controls the question at issue here. The County of Monmouth, as a subdivision of the government of the State of New Jersey, is subject to the direction and control of the State Legislature. The County of Monmouth has no vested right in any fine which is protected by the Due Process Clause of either the State or Federal Constitutions against the State Legislature's decision as to how the fine is to be collected and to whom it should be distributed. *See McKenney v. Byrne* and *Glassboro v. Byrne,* both *supra.* State and federal constitutional provisions do not restrict the authority of the State Legislature *vis a vis* its political subdivisions to provide for the collection and disposition of fines imposed by state courts. *McKenney v. Bryne, supra,* 82 *N.J.* at 320.

The final order of the Board of Parole is affirmed.